# DAVID LEVITZKY *v.* JAMES CANNING.

WHEN ERRONEOUS CHARGE TO JURY IS IMMATERIAL.—If there is an issue of fact
to be determined from the evidence, under proper instructions from the Court as
to the law, it is error for the Court to charge the jury that the plaintiff is entitled
to recover ; but if the evidence makes the case so clear for the plaintiff that a
verdict for defendant would be contrary to the evidence, the error is immaterial.

COVENANT IN A LEASE—QUIET ENJOYMENT.—If the lease is for the term of three
years, with the privilege of two more if the defendant does not sell the demised
premises before the end of the three years, and the lessor has not sold at the end
of the three years, and the lessee elects to keep the premises two years more, and
the lease contains a covenant for quiet enjoyment, the covenant at the time of
the election becomes a covenant for the full term of five years.

IDEM.—In a covenant in a lease for quiet enjoyment, no set formula is required.
Any language which expresses the intent of the lessor to promise a quiet enjoy-
ment of the premises is sufficient.

BREACH OF COVENANT IN LEASE FOR QUIET ENJOYMENT.—A covenant in a lease,
that the lessee shall have the demised premises peaceably and quietly, is not
broken unless there is an eviction or an invasion or disturbance of the possession.

IDEM.—If the lessor gives out publicly that the lessee has no right to the posses-
sion of the demised premises, and brings actions at law against the lessee and
his tenants to recover the possession, in consequence of which the lessee's tenants
quit the premises, and he is unable to rent the same, these acts constitute a
breach of a covenant in the lease for quiet enjoyment.

IDEM.—The entry by the lessor upon the roof of the demised premises, and con-
verting it into a washhouse or place for drying clothes, is a breach of a covenant
in the lease for quiet enjoyment.

DAMAGES FOR BREACH OF COVENANT IN LEASE.—If the lessor breaks a covenant
in the lease for quiet enjoyment of the demised premises, by bringing actions at
law against the lessee to recover possession of the demised premises, the lessee's
costs and counsel fees in defending the action are properly allowed as damages
in a suit by the lessee for breach of the covenant.

TESTIMONY IN SUIT FOR BREACH OF COVENANT IN LEASE.—In an action by the
lessee against the lessor for breach of a covenant in the lease for quiet enjoy-
ment, by bringing suits against the lessee to recover possession of the demised
premises, if the tenant's possession was lawful, the lessor cannot introduce testi-
mony to show that he believed he had a right to the possession, and brought the
suits in good faith and not maliciously.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

On the 3d day of March, 1862, James Canning, the appel-
lant, by a lease in writing, demised to David Levitzky, the
respondent, a brick building and lot on the corner of Third
and Minna streets, City and County of San Francisco, for

the term of three years from that date. The lease contained the following clause : " After the expiration of this lease, if the party of the first part did not dispose of said premises, the said David Levitzky, party of the second part, has the privilege for two years longer, after the expiration of this lease, for the same rent as first above mentioned." The following is the clause which contained the covenant of quiet enjoyment : " The said David Levitzky, party of the second part, agrees to hold the above mentioned premises from said Canning, party of the first part, for the term of three years from this date, eighteen hundred and sixty-two, for the monthly rent or sum of eighty dollars, paid monthly on the third of and every month, and to hold and enjoy the above mentioned premises peaceably and quietly for the term as first above written."

This action was commenced in April, 1866. The causes of action alleged were breaches of the covenant in the lease for quiet enjoyment of the demised premises. The complaint contained three counts. The first was for not keeping the premises in repair. The second count averred a breach by defendant and his agents and servants, without plaintiff's license, taking possession of the roof of the house and using the same as a place for hanging out clothes to dry. The breach alleged in the third count is stated in the opinion of the Court.

The defendant, in his answer to the second count, alleged that he gave leave to a washerwoman, without charge, to use the roof of said premises to hang clothes out to dry, but avers that the same was not done under claim of right to the possession of the demised premises, or to exclude the plaintiff therefrom. That said plaintiff well knew that the roof was so used, and made no objection thereto, and when objection was made, the use of the roof for the purpose aforesaid was discontinued. In answer to the third count, the defendant admitted that he brought suits to recover possession of the demised premises, but alleged that before doing so he fully stated the case to his attorneys, who gave

him their opinion that the lease had expired, and that he was entitled to the possession of the premises, and that in bringing the suits he acted *bona fide* and without malice.

The first suit to recover possession of the demised premises was commenced March 31st, 1865, and the second was commenced July 25th, 1865. The first was discontinued on plaintiff's motion, and defendant recovered judgment in the second.

On the trial of this action, the parties introduced testimony on the issues.

The defendant during the trial offered testimony to show: First—That the said suits instituted by him against the plaintiff to recover the possession of the demised premises leased by Exhibit A, and in all that he said or did in that behalf, were instituted by him for probable cause, without malice, and in pursuance of a *bona fide* claim and color of right and title to the possession thereof. To all of which the plaintiff objected, and the objections sustained, and the defendant thereupon excepted. Second—That before instituting said suits the defendant fully and fairly stated his case, and all the facts of his case, to his counsel, E. B. Mastick and James C. Cary, of the City of San Francisco, attorneys and counsellors at law, who thereupon gave it as their opinion that the term of said lease had expired, and that the defendant was entitled to the possession of the demised premises; and that the said Levitzky was unlawfully holding possession thereof; and that in instituting said suits, and in all that he said or did in that behalf, the defendant acted *bona fide* upon said opinion, and not otherwise. To all of which the plaintiff objected, and the objection was sustained, and the defendant then and there excepted.

The Court charged the jury that the plaintiff was entitled to recover.

The plaintiff recovered judgment for seven hundred dollars damages in the Court below, and the defendant appealed

from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*James C. Cary*, for Appellant.

The facts proved do not constitute a breach of the covenant for quiet enjoyment contained in the lease. The covenant there is: " Said Canning, party of the first part, *promises* to let have said D. Levitzky said premises for the full term of this lease, peaceably and quietly." There is no covenant against commencing a *suit*. It cannot be implied; it must be expressly covenanted against. The well settled and established form of this covenant is so. (*Branger* v. *Manciet*, 30 Cal. 624.) " The scope of this covenant depends in so many cases upon the particular words employed in its expression, that it will readily be seen how difficult it is to lay down, as a general rule, what will cause its breach." (Rawle on Cov. for Title, 159; *Stewart* v. *West*, 2 Harris, 338.)

The *promise* of Canning, that Levitzky should have the premises " peaceably and quietly," cannot, by any construction, be made to embrace a covenant against " suits." If it cannot, then the institution of the " suits " against Levitzky after the expiration of the term of three years, to test his right to the possession of the premises, was no breach of the covenant for quiet enjoyment.

But let it be conceded that the lease contains a sweeping covenant for quiet enjoyment fully written out, still the verdict is against law and cannot stand, for there was a total failure of proof showing a breach by Canning of the covenant for quiet enjoyment *during the term of the lease.* The lease was for three years from the 3d day of March, 1862, and of course the term expired on the 3d day of March, 1865. During this entire term Levitzky remained in the undisturbed enjoyment of the demised premises. Canning performed his covenant; and in the language of the lease, he did " let have the said D. Levitzky said premises for the

full term of this lease peaceably and quietly." It was not until the 14th day of March, 1865—eleven days after the term had expired, that he instituted " suits " against Levitzky to eject him from the premises, or committed any act of disturbance by word or deed. This action being predicated upon an express covenant, it was incumbent on the plaintiff to prove that such a covenant existed in full vigor at the time of its alleged breach. In that he failed, but the jury, in making up the amount of their verdict, allowed for damages alleged to have been sustained by reason of an assumed breach of the covenant for quiet enjoyment. That is fatal to their verdict.

But if I am wrong on all the foregoing, I submit that the Court erred in rejecting proper testimony offered by the defendant. He offered to prove on the trial " that the suits instituted by him against Levitzky to obtain possession of the demised premises, and in all that he said or did in that behalf, were instituted by him for probable cause, without malice, and in pursuance of a *bona fide* claim and color of right and title to the possession thereof." No action can be sustained for instituting a civil suit, unless it be averred and proved that it was malicious and without probable cause. The sting of these actions is their malice and falsity.

The principle appears to be that no man is liable for the damages he may inflict in the exercise of a lawful right. To bring a civil action, though the plaintiff has no grounds, and the suit is not for the purpose of vexation, is not actionable, because it is a claim of right: he asserts a right. The authorities are so. (2 Espinasse's Nisi Prius, 117; Coke Litt., 161, *a* and note; *Saville* v. *Roberts*, 1 Salk. 14; 1 Lord Raymond, 379; *Schneibel* v. *Fairbain*, 1 Bos. & Pull. 388; *Purton* v. *Honnor*, 1 Bos. & Pull. 205 ; *Tomlinson* v. *Warner*, 9 Ohio, 104; *Vanduzer* v. *Linderman*, 10 Johns. 106; *Pangburn* v. *Bull*, 1 Wend. 349; *Bailey* v. *Dean*, 5 Barb. 301; and generally, 2 Am. L. Cas. 218.)

The rule of damages in actions for a breach of the covenant for quiet enjoyment is settled. It is the value of the

rents reserved in the lease, where there has been an eviction; where there has been no eviction, there can be no damage, for nothing short of an eviction is a breach of this covenant. (*Kelly* v. *Dutch Church*, 2 Hill, 115; Sedgwick on Dam. 165; Taylor's Landlord and Tenant, 317.)

*B. S. Brooks*, for Respondent.

The commencement of a suit is not, of itself, any cause of action; but any act, however right in itself, will constitute a cause of action if it be a breach of covenant. It is only by force of the covenant that there is any cause of action. We have not sued for a malicious or vexatious suit; we do not allege malice or want of probable cause; we do not claim exemplary damages. An entry upon our possession is a trespass; but if the landlord covenant not to do it, it is a breach of his covenant.

The covenant is that the landlord will let the plaintiff quietly and peaceably hold, not merely that he shall hold for the term. I doubt whether there is any covenant in the lease that the tenant *shall* hold for the full term, or that he shall not be evicted by a stranger; but the covenant in effect is that the landlord *himself* will not disturb him; he agrees to let him have them—not that he will warrant him in the possession—only that, so far as the landlord is concerned, he will *permit* his tenant to occupy, and not merely to occupy, but peaceably and quietly.

Now, if in the face of this covenant, the landlord himself, by any act of his, disturbs his tenant in the *peaceful* occupation of the premises, he breaks the covenant; and it matters not whether that disturbance is created by trespasses upon the premises, or the creation of nuisances, or pulling off the roof, or otherwise rendering the premises untenantable, or frightening off his sub-tenants by threats of prosecution and suits brought against them.

An actual eviction was not necessary to constitute a breach of the covenant. (*Waldron* v. *McCarty*, 3 Johns. 472; *Picket* v.

*Weaver*, 5 Johns. 120; *Sedgwick* v. *Hollenback*, 7 Johns. 380; *Carnes' Case*, Cro. Eliz. 544; 1 Roll. Abr. 430, p. 11; *Vanslyck* v. *Kimball*, 8 Johns. 198; *Greenvault* v. *Davis*, 4 Hill, 644.)

In cases of eviction, the plaintiff is entitled to recover the expenses of defending himself from the action of ejectment. (*Sumner* v. *Williams*, 8 Mass. 162, 221; *Staats* v. *TenEyck's Executors*, 3 Caine, 111; *Bennett* v. *Jenkins*, 13 J. R. 50; *Kelly* v. *The Dutch Church of Schenectady*, 2 Hill, 105.)

The rule cited by the appellant's counsel in regard to damages upon eviction, with the modification which I have stated, in regard to the expense which the plaintiff has been put to in defending his possession, seems to be the rule in New York and Pennsylvania; but a very different and more equitable rule seems to prevail in other States. (See Sedgwick on Measure of Damages, 166 *et seq.*)

By the Court, SANDERSON, J.:

It was error to charge the jury that the plaintiff was entitled to recover. Whether he was or not, depended upon whether he had broken the covenants contained in the lease upon which breaches had been assigned; and that was to be determined from the evidence by the jury, under proper instructions as to the law of the case. By its course, the Court took from the jury the principal issue of fact in the case, leaving to them only the labor of assessing the damages. It was charging the jury in respect to matters of fact in the sense of the constitutional prohibition; (Const., Art. VI, Sec. 17; *Miller* v. *Stewart*, 24 Cal. 504; *People* v. *King*, 27 Cal. 513;) but in view, as we shall presently see, of the very clear case made by the plaintiff, we think that a verdict for the defendant would have been contrary to the evidence, and that therefore the error must be regarded as immaterial.

The other questions made by the case all relate substanti-

ally to the same matter—whether the third and last count in the complaint contains a cause of action. The matters there stated seem to have constituted the main grounds of the recovery, and the question is whether they amount to a breach of the defendant's covenant that the plaintiff should quietly and peaceably enjoy the demised premises for the term specified in the lease.

The lease was for a term of three years, with a privilege of two more in the event the defendant did not dispose of the demised premises before the expiration of the three years. The defendant not having sold the premises at the end of the three years, and the plaintiff having elected to keep them for two years more, the covenant for quiet enjoyment became a covenant for the full term of five years. There is nothing, therefore, in the fact that the breach complained of transpired after the expiration of three years. The defendant was as much bound by his covenant after that time as he was before.

In its terms the covenant is very general, but no set formula is required—any language which expresses the intent to promise a quiet and peaceable enjoyment is sufficient, however brief it may be. (Rawle on Cov. 184.) Whether it is broad enough to include strangers or not is immaterial, for the breach alleged was committed, if at all, by the lessor.

The covenant for quiet enjoyment goes only to the possession, and hence the general rule that there is no breach unless there has been an eviction or an invasion, or disturbance of the possession. (*Waldron* v. *McCarty*, 3 Johns. 473; *Picket* v. *Weaver*, 5 Johns. 120; *Sedgwick* v. *Hollenback*, 7 Johns. 380; *Whitbeck* v. *Cook*, 15 Johns. 485; *St. John* v. *Palmer*, 5 Hill, 601.) The eviction need not be by legal process. (*Greenvault* v. *Davis*, 4 Hill, 644.) Nor need there be a complete ouster or expulsion; an invasion, disturbance or prevention, in whole or in part, will constitute a breach of the covenant. (Platt on Cov. 327.) There must be some act of molestation, affecting, to his prejudice, the possession of the covenantee. Forbidding a tenant of the covenantee to

pay him rent will not amount to a breach, if the tenant, notwithstanding, afterwards pays the rent. ( *Witchcot* v. *Nine*, 1 Brownl. & Gold. 81.) But suppose the tenant had not paid the rent, but in consequence of the covenantor's prohibition had refused to pay? The case cited certainly implies, very strongly, that it would then have amounted to a breach, and there can be little doubt but that it would have been so declared. An act of molestation, whether committed by the covenantor himself or by another at his command, will alike amount to a breach of the covenant. (*Seaman* v. *Browning*, 1 Leon. 157.)

From the third count in the complaint it appears that the defendant had slandered the plaintiff's possession, giving out and pretending publicly that he had no right to the possession of the demised premises, and that he had brought two actions at law to recover the possession of the premises from the plaintiff and his tenants, under the pretence that his lease had expired. That in consequence of these actions brought against himself and his tenants he had been put to great expense in defending the same, and his tenants had quit the premises, leaving the same vacant, and that he had been unable to rent the same to other parties, by reason of their doubts as to the lawfulness of his possession, caused by the acts of the defendant, in bringing said suits and publicly declaring that the possession of the plaintiff was unlawful and that he had no legal right to let the premises. Was this a breach of his covenant within the rule already stated and the cases which we have cited? That it was, does not admit of doubt. Those acts, if performed by him, were as much a molestation, disturbance and invasion of the plaintiff's possession as a taking by the shoulders and a forcible eviction of the plaintiff's tenants would have been. The character of the act must be determined by the results which follow it, and in view of the results which are alleged to have followed the acts of the defendant, there can be no question that he disturbed and interrupted the possession of the plaintiff to his injury, which is precisely what he had

covenanted not to do. The entry upon the roof of the building and converting it into a washhouse, or a place for drying clothes, which is assigned as a breach of the covenant for quiet enjoyment in the second count in the complaint, and which was beyond all question a breach of the covenant, for the defendant had no more right to enter upon the roof, or to authorize another to do so, than he had to enter upon the floors of the building and make a washhouse of them, was not so fatal to the enjoyment of the plaintiff as the acts complained of in the third count and which are the subject of debate. The matters set out in the third count are the most effectual and damaging breach of the two.

The costs of the two actions and the plaintiff's counsel fees were properly allowed as part damages. Where a covenantee is evicted by a stranger, holding a paramount title, by judgment of law, the measure of damages includes the expenses of the covenantee in defending the suit, including fees paid to counsel. (*Swett v. Patrick*, 12 Maine, 9 ; *Pitkin v. Leavitt*, 13 Vt. 379.) Here the actions did not result in an eviction by a paramount title, for they were brought by the covenantor himself, and did not terminate in an absolute eviction, but they worked a breach of the defendant's covenant, as we have seen, and we are unable, on the score of principle, to distinguish between the cases cited and this.

It follows that the Court did not err in excluding the defendant's testimony, offered for the purpose of showing that he had acted in good faith, and not maliciously, in the measures taken by him to get possession. Concede that he did, as incredible as it may seem ; belief in the lawfulness of an act, does not shield one from its consequences if it turns out to be unlawful. Good faith is material on the part of the defendant only where malice is alleged and exemplary damages claimed.

The order denying a new trial is affirmed.