STATE, AARON COE, PROSECUTOR, v. LEWIS J. HAINES.

1. In summary proceedings to dispossess a tenant, the finding of the fact that rent was due and unpaid is final as to that proceeding, but the statute deprives the judgment in that court of the quality of conclusiveness which it has in other cases. By the statute, the landlord is liable, in an action of trespass, for any unlawful proceeding thereunder.

2. To maintain an action by the tenant in such case, it must be shown that he was removed by a warrant to dispossess.

3. If the officer exhibits a warrant to dispossess, and commands the tenant to leave, the trespass will be complete if he goes without waiting for the exercise of actual force. But if the officer is without process of law, and threatens that he will put the tenant out the next day, unless he goes out before that time, no trespass is committed. A menace to commit an act of violence at a future day, although yielded to by the tenant, does not constitute a trespass.

On *certiorari*. In matter of landlord and tenant.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiff, *Elwood C. Harris.*

For the defendant, *Samuel L. Baldwin.*

The opinion of the court was delivered by

VAN SYCKEL, J.    Lewis J. Haines occupied certain premises in Newark, as the tenant of Aaron Coe, the tenancy being a monthly one, at $8 per month, payable in advance. On the 8th of August, 1879, Coe served notice to quit in three days or to pay $16, two months' rent alleged to be due. The tenant having failed to pay or quit the premises, proceedings were thereupon commenced before a justice of the peace, to dispossess Haines. On the 23d of August, 1879, judgment was rendered in favor of the landlord. On the 28th of

August, one Pilkington, the agent of Coe, went with officer Benedict to the premises in question, and there the officer told Haines that unless he moved out the next morning, his goods and chattels would be put in the street. Haines moved out of the house on the 29th of August, and on the same day the justice before whom the case was tried made out a warrant to dispossess, but said warrant was not placed in the hands of officer Benedict until August 30th.

An action of trespass was then instituted in the First District Court of Newark by Haines, against his landlord, to recover damages for his alleged unlawful removal from the demised premises.

Judgment having been rendered in the District Court for the tenant, and affirmed on appeal to the Essex Pleas, this *certiorari* was sued out to review the proceedings below.

It was found as a fact in the court below, that no rent was actually due to the landlord, and therefore he may be held as a trespasser, if he caused the tenant to be ejected by force of the summary proceedings which he instituted against him.

The finding of the fact that rent was due and unpaid was final as to the summary proceeding to dispossess ; but the statute deprives the judgment in that suit of the quality of conclusiveness between the parties which a judgment has in other cases. It can be set up as a shield by the officers of the law, but not by the landlord ; he enforces the removal of his tenant at the peril of a different finding in an action of trespass by the tenant. The statute provides that the landlord shall remain liable, in an action of trespass, for any unlawful proceeding under the act. The remedy given necessarily implies that the act for which it is to be maintained must be forcible.

The mere institution of the suit to dispossess has none of the characteristics of a trespass, nor has the trial of the cause and the production of evidence to satisfy the justice of the landlord's right. Thus far, there is an entire absence of the essential element of trespass, and the possession of the tenant is undisturbed. The removal of the tenant by virtue of the warrant to dispossess, is the act which, if shown in the future suit to be unlawful, becomes the basis of the action of trespass.

If the officer, with the writ to dispossess in his hands, had gone to the demised premises and told the tenant that if he did not remove, he would set him out, and the tenant, knowing that the officer had it in his power, by the process of the court, to turn him out, had gone without waiting for the exercise of actual force or violence, the trespass would have been complete. In this case, however, the officer neither was nor pretended to be armed with legal process; he merely threatened that on the next day he would do what he was then without the power to execute. The tenant yielded, not to any process of the law, for that was not delivered to the officer until the day succeeding his removal, but to a mere menace, which the landlord might have foreborne to carry into execution.

The acts of the landlord and those who represented him did not constitute a trespass; the surrender of the premises by the tenant must, in law, be regarded as voluntary, and not as the result of constraint by the process of the court. An action of trespass cannot be based upon a threat to commit an act of violence on some future day. So far as appears, the tenant quit the premises without any intention of returning, and whether the fact that the landlord subsequently took peaceable possession of the vacated premises made him a wrong-doer, is not raised by the pleadings in this case.

The judgment below should be reversed.