[S. F. No. 916.   Department One.—March 2, 1899.]

AGNES M. AGAR et al., Respondent, v. JAMES WINSLOW, Appellant, and HENRY SIEBE et al., Codefendants.

ELECTION OF REMEDIES—LEGAL AVAILABILITY ESSENTIAL.—The rule that where there exists an election of inconsistent remedies, the party is confined to the remedy first preferred and adopted, only applies where both remedies are open and legally available to the plaintiff; and where the remedy first adopted is not legally

available, the party is not estopped by his mistake in selecting it from subsequently availing himself of the other remedy.

ID.—UNLAWFUL DETAINER—PRIOR ACTION OF EJECTMENT—LANDLORD AND TENANT.—A prior action of ejectment brought by a landlord against a tenant whose right of possession had not terminated, and who was not then a trespasser, does not preclude the landlord from maintaining a subsequent action for an unlawful detainer.

ID.—EVICTION OF LESSEE—EFFECT OF IMPROPER ACTION OF EJECTMENT.— Though it is not necessary that there shall be an actual ouster to constitute an eviction of a lessee by the lessor, and any act of the lessor which results in depriving the lessee of the beneficial enjoyment of the premises constitutes an eviction, yet the mere commencement of an action of ejectment against the lessee which is not legally maintainable, and is dismissed, does not constitute an eviction, if the lessee, and those holding under him, remain in the beneficial enjoyment of the premises.

ID.—PAYMENT OF RENT BY SUBTENANTS—LIABILITY OF SUBLESSEE.—Where all the subtenants in possession under a sublessee were advised by the lessor to pay the rent, and they paid the same to the sublessee, who had given security for rent to the original lessee, and such sublessee and his subtenants remained in possession under the original lessee, and the sublessee remained liable to the lessee for rent, the improper action of ejectment by the lessor against the lessee did not constitute an eviction of the lessee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion.

William H. Chapman and Edward P. Cole, for Appellant.

Freeman & Bates, for Respondent.

GRAY, C.—This is an unlawful detainer case. The defendant Winslow appeals from a judgment against him for the possession of the property and for one thousand dollars' rents unpaid, so far as said judgment awards to plaintiffs said sum of one thousand dollars, and from an order denying said defendant's motion for a new trial.

Joseph Macdonough, being the owner of the premises in controversy, made a will in which he appointed the plaintiffs herein as his executors and trustees; thereafter, in 1895, he died, and plaintiff John G. Agar was appointed by the court as sole exec-

ʾutor of his said will, and on October 15, 1895, he alone, both
as trustee and executor, leased said premises to Winslow for the
term of five years from October 15, 1895, at the monthly rent
of two hundred and fifty dolars, payable in advance. This rent
was paid by Winslow to Agar for all the time up to and includ-
ing July 15, 1896, since which time no rent has been paid to
plaintiffs.

The plaintiffs herein began this suit on October 20, 1896,
and, after stating in their complaint the foregoing undisputed
facts, say that the said premises were by the superior court dis-
tributed to the plaintiffs on May 12, 1896, to be by them held
in trust according to the terms of the will; that since the date
of such distribution they have been entitled to receive the rent
due for such premises; that on October 9, 1896, plaintiffs served
a notice on defendants informing them of the decree of distri-
bution, and that because of such decree Winslow thereafter had
held said premises as tenant, holding over from month to month
under said lease, that there was then due under said lease seven
hundred and fifty dollars, and that they pay that sum within
three  days or quit and surrender possession of the property;
and  that defendants having done neither of these things, plain-
tiffs demand  restitution of the premises and judgment for the
seven hundred and fifty dollars, together with two hundred and
fifty dollars for each month  thereafter that defendants shall
withhold possession of said premises. The defendant Winslow
in his answer denies that he is a tenant holding over after the
expiration of the lease, or that the lease terminated with the
entry of the decree of distribution, but on the contrary, says
that the said lease is in full force and effect for the term of five
years from July 25, 1895. The answer then alleges an eviction
from the premises of defendant by plaintiffs on the thirteenth
day of July, 1896; that Winslow had subleased to one George
Sesnon, and that Sesnon had again subleased to the other de-
fendants; that plaintiffs on the said thirteenth day of July, 1896,
wrongfully brought an action against defendants in ejectment
to recover rent and the possession of the said premises on the
ground that the said lease had expired; that by said action de-
fendant's rights of possession had been slandered, and he had
been unable to collect any rents since the said thirteenth day

of July, 1896, and that he had been harassed and disturbed in his possession thereby. A trial was had and the court found all the allegations of the complaint to be true, and that there had been no eviction by plaintiffs, but that plaintiffs did sue defendants in ejectment on July 13, 1896.

The defendant, to support his answer, put in evidence the pleadings and papers on file in the case of *Agar v. Winslow et al.,* begun in the Superior Court, July 13, 1896. The complaint in that case shows that it was an action to recover possession of the same premises involved in this suit, and for the value of the rents, issues, and profits, on the ground that the lease, which is the same lease mentioned in this case, was void, and that the defendants were trespassers. It appeared on the trial that this ejectment suit was still pending, and that Sesnon, to whom Winslow leased the premises, was a party defendant in the ejectment suit, but is not a party to this suit. It further appeared at the trial that on the advice of plaintiffs the tenants in possession paid to their lessor, Sesnon, all rents due from them, and that Sesnon had refused to pay Winslow because, as he alleged, of the possibility of the lease from Agar to Winslow being declared void or forfeited, but Winslow had, however, taken no legal proceedings for the collection of the rent from Sesnon, and that Sesnon was away on the high seas at the time of the trial. On this condition of the case the appellant contends: "1. That the remedies of ejectment and unlawful detainer are inconsistent, and that, having chosen their option to bring ejectment, plaintiffs' election is final, and they cannot pursue the other remedy of unlawful detainer."

The rule contended for by appellant is stated by the court of appeals of New York in *Rodermund v. Clark,* 46 N. Y. 354, as follows: "Where there exists an election between inconsistent remedies the party is confined to the remedy which he first prefers and adopts." Before one can exercise an option or preference between two things, both those things must have an actual existence. The defendant, therefore, cannot defend in this action of unlawful detainer on the theory that plaintiff, in beginning the suit in ejectment, exercised his right of election between two remedies, unless he makes it appear that both these remedies were open to plaintiff. If plaintiff was mistaken and

undertook to avail himself of a remedy that he was never entitled to, this does not prevent him from subsequently availing himself of a remedy that he is entitled to under the facts of the case. (*Bunch v. Grave*, 111 Ind. 351.)   The defendant should have shown by the allegations of his answer and his evidence that the remedy of ejectment was available to plaintiffs. (*Mackubin v. Whetcroft*, 4 Har. & McH. 135.)   On the contrary, the facts appearing in defendants' answer, as well as in the evidence at the trial, tend to negative the idea that plaintiff had any right to institute the ejectment suit.   The action of ejectment is always based on the theory that the defendant is wrongfully in possession and a trespasser on the premises sought to be recovered.   It appears in this case that Winslow went into possession of the premises under a lease from plaintiff, and that his rent was paid in advance to a time subsequent to the date of the commencement of the ejectment suit.   The defendant in his answer alleges that this lease is in full force and effect; if that be true, then the defendant was rightfully in possession, and certainly the action of ejectment would not lie; but even ignoring this affirmative statement of the answer, and treating the lease as having been terminated by the decree of distribution, the defendant has nevertheless remained in possession, paying rent to plaintiff entitling him to hold the possession as against plaintiff to a date after the commencement of the ejectment suit, and creating a tenancy from month to month at the rent reserved in the lease. (Civ. Code, sec. 1945.)   There was no notice given to terminate this lease until long after the beginning of the ejectment suit, nor is there any fact alleged or proved to show that the relation of landlord and tenant ever ceased to exist between plaintiffs and defendant up to the giving of the notice to pay rent or quit just before the commencement of the present action.   I have examined all the cases cited in appellant's brief to show that where a party elects between inconsistent remedies he is limited to the one he first seeks to avail himself of, and find in all those cases where they refer to that doctrine at all, it appeared that the first remedy sought was a real remedy available to the plaintiff.   *Holt Mfg. Co. v. Ewing*, 109 Cal. 356, is a case of that kind, and is in consonance with all the other cases cited on the subject.   No case has been

called to my attention, nor do I believe that any can be found, which holds that a person is estopped from pursuing a remedy that he is entitled to, because he has endeavored to avail himself of another remedy that he never was entitled to. If this were the rule, then a mere mistake of judgment would result in depriving one of valuable rights. In the language of respondents' brief, "as we understand it, where an election is claimed the facts must be such that the rights of the parties may be mutual. In other words, the circumstances must be such that each may be bound by the election, and if one of them is not bound the other cannot be. Plaintiffs cannot be bound to treat defendant as a trespasser while defendant retains the right to compel them to treat him as a lessee." It would, therefore, seem that the ground for a reversal of the judgment, based on the principle that where a party is entitled to two inconsistent remedies his election between them is irrevocable, is not well taken in this case because it does not appear that plaintiffs were entitled to the first remedy sought for by them.

The next and only remaining ground of reversal contended for by defendant is stated by him as follows: "2. That the acts of plaintiffs were such as to evict defendant, and that the rent was suspended, and hence they could not maintain this action while the eviction continued."

Appellant's principal contention as to this eviction is that the ejectment suit had the effect to prevent his subtenants from paying their rent. The finding of the court on this subject, which is fully sustained by the evidence, reads as follows: "That, notwithstanding the commencement and pendency of the action hereinbefore described, the defendants Siebe, Waltz, Christensen, and Jorgensen have continued in the full and entire possession and enjoyment of all the premises described in the plaintiffs' complaint, and have, with the consent and upon the advice of plaintiffs, paid to their lessor, George H. Sesnon, all rents accruing and due from them to him, according to the terms of their lease from him; and the plaintiff has not in any way interfered with the collection of the rents from any tenant or subtenant of the defendants, but, on the contrary, has at all times advised such payments to be made, and the rents have been paid, as above set forth, to the said George H. Sesnon, who

has received monthly the rents accruing to him from his said
tenants, Siebe, Waltz, Christensen, and Jorgensen, but he has
not paid the same, or any part thereof, to said Winslow, nor
has said Winslow taken any proceedings whatever for the col-
lection of the same." It also appears from the evidence in the
case that Winslow has a bond or contract from Sesnon in the
sum of two thousand five hundred dollars, executed by three
sureties for the payment of the rent by Sesnon.

I fully agree with the learned counsel for appellant that it is
not necessary that there should be an actual ouster to constitute
an eviction, but that any act of the lessor which results in de-
priving his lessees of the beneficial enjoyment of the premises
constitutes an eviction. To this effect is the case of *Levitzky v.
Canning,* 33 Cal. 299, and some other cases cited by appellants.
But it appears that Winslow has not been deprived of the bene-
ficial use of the premises, at least by any act of plaintiffs, as
they have advised the payment of the rent, and the rent in full
has actually been paid by the subtenants to Winslow's lessee,
and though Winslow has not received it from Sesnon, his lessee,
he has a right of action against both him and his sureties for it,
and whatever may be the result in the case at bar he can collect
his rent if his lessee and sureties are able to respond to a judg-
ment. It will be seen by an examination of the case of *Levitzky
v. Canning, supra,* that the acts complained of as amounting to
an eviction had the effect to make the tenants of the lessee quit
the premises, leaving them vacant. Another case cited by ap-
pellant is *Leadbetter v. Roth,* 25 Ill. 587. In that case the sub-
tenant was forbidden to pay any more rent to his lessor, and
thereafter the first lessee had nothing more to do with the prem-
ises and the subtenant paid the rent directly to the landlord.
The case of *Skaggs v. Emerson,* 50 Cal. 3, decided simply that
while a landlord in violation of his lease withheld part of the
premises from the possession of his tenant he could have no
remedy in the courts against him. In the other cases cited by ap-
pellant the interference relied on as constituting an eviction was
in every instance of such a character as to interfere with the
lessee's enjoyment of the premises by depriving him of his right
to collect rent or in some way rendering it inequitable for the
landlord to collect rents from his lessee, and in none of them is

the lessee freed from his obligation to his landlord where he remains in possession and enjoyment of the premises, either personally or through his subtenants, with the power to collect rent from them. It will be unnecessary to consider respondents' point that the appeal should be dismissed.

For the foregoing reasons we advise that the judgment be affirmed.

Haynes, C., Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Garoutte, J., Harrison, J., Van Dyke, J.