### HALPERIN et al. v. HENRY.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

LANDLORD AND TENANT (§ 318*)—SUMMARY PROCEEDINGS—ACTION FOR DAMAGES—VOLUNTARY REMOVAL.

    Under Code Civ. Proc. § 2263, providing that, if the final order in summary proceedings is reversed upon appeal, the person dispossessed may maintain an action to recover resulting damages, a tenant, who voluntarily removes from the premises after the dismissal of summary proceedings by the landlord, cannot maintain an action for damages by dispossession.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1345–1348; Dec. Dig. § 318.*]

Appeal from Municipal Court of New York.

Action by Louis Halperin and another against John E. Henry, individually and as receiver. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Henry A. Ingraham, for appellant.
Stone & Chugerman, for respondents.

HIRSCHBERG, J. The appellant is sued individually and as receiver of the rents, issues, and profits of certain premises in the borough of Brooklyn; he having been appointed in a foreclosure action. The respondents were tenants of the property, and, on default of payment of rent, summary proceedings were instituted against them by the appellant, which resulted in a judgment or final order of dispossession. There was no evidence in the case tending to show that the respondents had been made parties to the foreclosure action, and on their appeal taken to this court the final order was reversed and the proceedings dismissed, as was stated in the memorandum handed down at the time (October 7, 1910), "on the ground that there is no evidence that the tenant appellants were made parties to the foreclosure action, and, not having attorned to the receiver, they cannot be divested of possession of the demised premises in summary proceedings." See Henry v. Hirsch, 140 App. Div. 893, 125 N. Y. Supp. 1123.

The receiver took no steps to execute any warrant of dispossession, and, if such process was issued, it was without his order, and was never served or executed in any way. The respondents herein, however, removed from the premises on the rendering of the decision in the court below, and instituted the present action by virtue of section 2263 of the Code of Civil Procedure, providing in effect that, if the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

final order in summary proceedings is reversed upon appeal, the person dispossessed may maintain an action to recover the damages sustained by the dispossession. Our attention is called to no authority in this state holding that a voluntary removal by the tenants in such circumstances will authorize the maintenance of an action for damages by reason of the dispossession. The case of Coe v. Haines, 44 N. J. Law, 134, is somewhat in point and is well reasoned. A statute in New Jersey similar to the one under consideration renders the landlord liable in an action of trespass for unlawful proceedings in the dispossession of a tenant. In that case a warrant to dispossess was made out, but the tenant moved out of the premises before it was placed in the hands of an officer for execution. It was held by the Supreme Court that, in order to enable the tenant to maintain the action for damages, it must be shown that he was removed by virtue of the warrant, and that the surrender of the premises in the circumstances must be regarded in law as voluntary, and not as the result of constraint by process of law.

The judgment herein must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.