[L. A. No. 3084.  Department Two.—August 21, 1913.]

BOAZ DUNCAN, Respondent, v. A. GRANAS, Appellant.

LANDLORD AND TENANT—DIMINUTION OF EASEMENT IN ALLEYWAY—WAIVER OF PARTIAL EVICTION BY ASSIGNEE OF LEASE.—Where a lease provides for an easement for an alleyway outside of the demised premises of a specified width of eight feet, and the landlord, during the term, diminishes its width to five feet, his action in so doing, even if it amounted to a partial eviction of the tenants then in possession, cannot be objected to by a subsequent assignee of the lease, who accepted the premises in their then apparent condition, and thereafter continued to pay the rent prescribed by the lease.

ID.—LESSEE REMAINING IN POSSESSION.—Where a lessee remains in possession and enjoyment of the demised premises, he is not freed from his obligation to his landlord.

ID.—ASSIGNEE PRESUMED TO ACQUIESCE IN CONDITION OF PREMISES.—An assignee of a lease is presumed to take the leasehold estate in the condition which characterized it at the time of the assignment, and he may only plead an exclusion from the tenancy since the assignment as a defense to an action for rent.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

McKelvey & Sorenson, and A. W. Sorenson, for Appellant.

Valentine & Newby, for Respondent.

MELVIN, J.—Defendant appeals from a judgment in favor of plaintiff and from an order denying a motion for a new trial.

The action was one for holding over after rent due and unpaid. The court found upon abundant evidence sustaining said findings that David Abrams and James B. Meyer went into possession of the premises in question on the first day of September, 1908, under a written lease for a term ending December 31, 1911; that the lease provided for certain definite amounts payable monthly in advance; that on December 1, 1908, Meyer transferred his interest in the lease to Abrams; that Abrams and the defendant Granas remained in mutual occupation of the demised premises until September 1, 1909, when Abrams assigned to Granas all of his interest in the lease; that Granas continued to pay to the plaintiff Duncan the rent due under the lease to and including the thirty-first day of August, 1910, but no more; that plaintiff had no notice of the joint occupancy of the premises by Abrams and Granas nor the assignment of the lease by the former to the latter; and that Granas had continued in the tenancy of the property, refusing to pay rent or to surrender possession after due notice. The court also found as follows: "It is a fact that in July, 1909, the plaintiff, Boaz Duncan, erected a garage at the rear of the demised premises situated and facing on the public alley running north and south between Fourth and Fifth streets in the city of Los Angeles, state of California; that between the westerly wall of said garage and the easterly wall of the demised premises now in the possession of the defendant Granas, there was left a five foot private alley running south to a twelve foot alley immediately south of said garage, which twelve foot private alley ran at right angles to said five foot alley in an easterly direction to said public alley, but the construction of said garage at the rear of said premises did not evict the said defendant A. Granas therefrom, and did not deprive him of any substantial portion of the said demised premises and the beneficial use of said alley by the tenants was not interefered with." It was likewise found that by his continued occupancy of the premises and the payment of rent therefor up to the thirty-first day of August, 1910, Granas had waived all right to object to the maner in which said alley was constructed.

The judgment was for $2,375 rent due with interest for each month's rent; for the costs of suit, and for the cancellation of the lease.

There is practically no contest regarding the facts. Defendant relies upon the theory announced in his cross-complaint, that by cutting down the easement promised in the lease of an alley eight feet wide to one but five feet in width, Duncan deprived him of a substantial portion of the demised property and damaged him in an amount greater than the rent due. He relies upon *Skaggs* v. *Emerson*, 50 Cal. 6; *McAlester* v. *Landers*, 70 Cal. 80, [11 Pac. 505], and similar authorities, wherein it is held that a landlord may not demand rent reserved under a lease after he has evicted the tenant from a substantial portion of the premises. Respondent insists that depriving the tenant of a portion of the easement for an alleyway outside of the demised premises was not a diminution of the leasehold, but we need not discuss that theory because, conceding that the construction of the garage was a partial eviction of the tenants then in possession of the property, defendant's subsequent acceptance of the premises and payment of the rent therefor as prescribed in the lease was so clear a waiver of any right to object to the maintenance of an alleyway narrower than the one promised in the written contract, that the judgment is undoubtedly correct. Where a lessee remains in possession and enjoyment of the premises, he is not freed from his obligation to his landlord. (*Agar* v. *Winslow*, 123 Cal. 593, [69 Am. St. Rep. 84, 56 Pac. 422].) When Granas took the assignment of the lease after the construction of the garage the physical aspects of the property and its surroundings were apparent to him and he acquiesced in the diminution of the original easement for a right of way. The condition of the property plainly visible to the eye must have been considered by the defendant when he acquired the leasehold interest. (*Friend* v. *Oil Well Supply Co.*, 179 Pa. St. 291, [36 Atl. 219].) An assignee is presumed to take the leasehold estate in the condition which characterized it at the time of the assignment. (18 Am. & Eng. Ency. of Law, 2d ed., 667.) And an assignee may only plead an exclusion from the tenancy since the assignment as a defense to an action for rent. (24 Cyc. 1146.)

Appellant calls our attention to certain alleged errors in the admission and rejection of evidence, but these matters become unimportant because the estoppel is established by facts either admitted or undisputed by defendant.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.