[S. F. No. 7212. In Bank.—December 14, 1917.]

HENRY BLACK, Respondent, v. ROBERT S. KNIGHT et al., Defendants; HENRIETTA C. KNIGHT, Appellant.

LEASE—EVICTION—JUDGMENT FOR UNLAWFUL DETAINER—EFFECT OF REVERSAL—ACTION FOR DAMAGES.—Where a landlord, without malice, prosecutes an unlawful detainer action to a judgment, which, by its terms, requires the tenant to deliver possession of the premises, and the tenant thereupon surrenders the possession without the issuance of process, and the judgment is afterward reversed on appeal, the tenant is not entitled to maintain an action for damages for an eviction.

ID.—COVENANT FOR QUIET ENJOYMENT—ACTS CONSTITUTING BREACH.—The covenant for quiet enjoyment goes only to the possession, and, to constitute a violation, there must be some act of molestation affecting to his prejudice the possession of the covenantee.

ID.—COVENANT FOR QUIET ENJOYMENT—RIGHT OF LANDLORD.—So long as there is no disturbance of the tenant's beneficial enjoyment of the premises caused thereby, the right of a landlord to prosecute, in good faith and without malice, an action for the purpose of determining the question whether the tenant has forfeited his term by violation of some covenant of the lease, without making himself amenable to the tenant in damages, cannot be disputed.

APPEAL from a judgment of the Superior Court of San Francisco, and from an order denying a new trial. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Samuel Knight, and Carl H. Abbott, for Appellant.

Arthur H. Barendt, for Respondent.

ANGELLOTTI, C. J.—This is an action for damages for the alleged unlawful eviction of plaintiff by his landlord from premises held and occupied by him as a tenant under a lease. Judgment was given for the sum of $10,449, and the appeal is from such judgment and from an order denying a motion for a new trial. All but $586 of the amount awarded was on account of the value of the unexpired term of the lease (fixed at $11,544), such $586 being for expense and damage incurred in defending the unlawful detainer action.

The only alleged eviction found was the prosecution by the landlord to judgment in the superior court of an unlawful detainer proceeding on account of the alleged violation by the tenant of a covenant of the lease, the judgment entered therein declaring the lease canceled and forfeited, and adjudging that the tenant "restore" and the landlord "have" possession of the demised premises, and that the landlord recover from the tenant two thousand two hundred and fifty dollars damages, two hundred dollars attorney fees, and thirty dollars costs. The tenant appealed from the judgment, staying by bond the enforcement of the judgment pending appeal in so far as the money recovery was concerned, but not seeking any stay as to the portion of the judgment relative to possession of the demised premises. In the complaint it was alleged that by the judgment the tenant was required to "and did surrender possession of said premises" to the landlord. By the answer it was denied that "the tenant was obliged to surrender" possession of the premises, "or that he was deprived of the possession thereof by either of defendants." It was further alleged that without asking for any stay, "and before the issuance of any writ of execution or assistance whatever," the tenant "abandoned the possession of the said premises." The trial court found simply that the tenant "in compliance with said judgment was required to and did surrender possession of said demised premises" to the landlord. This finding is assailed as being without sufficient support in the evidence. There was no evidence whatever as to the circumstances attending the change of

possession, nothing tending to show that the tenant, without the issuance of any writ and without any demand by the landlord, did not abandon possession to the landlord upon the entry of the judgment. For all the purposes of this appeal it must be. assumed that he did actually abandon the premises without being compelled to do so under any process issued and served under the judgment in the unlawful detainer proceeding. On appeal the judgment in the unlawful detainer action was reversed and the cause remanded for a new trial. The landlord then tendered possession of the premises to the tenant for the unexpired portion of the term, but the tender was not accepted. The unlawful detainer action was then dismissed by the landlord. In view of the record it must also be assumed for all the purposes of this appeal that the unlawful detainer action was commenced and prosecuted to the end in good faith and without malice. The judgment herein was for the amount found to be the full value of the unexpired term .at the time the tenant surrendered possession, plus the amount of the expenses of the tenant in defending his possession, less certain counterclaims aggregating $1,891.

The theory upon which this judgment is sought to be sustained is that the prosecution by the landlord of the unlawful detainer action to a judgment in his favor, which judgment, by its terms, required the tenant to deliver possession to the landlord, entitled the tenant to treat the conduct of the landlord as a breach of the covenant of quiet enjoyment and an unlawful eviction, with the result that not only could he regard the lease upon voluntary surrender of possession. as at an end and himself exempt from liability for further rent, etc., thereunder, but also treating the lease as still in force, recover as damages the value of the unexpired term thereunder, in the event that he succeeded on his appeal from the judgment.

Consideration of the authorities satisfies us that such a theory finds no substantial support therein. It may be assumed purely for the purposes of this decision that if the tenant is actually ousted from possession under process issued upon such a judgment, he may treat such ouster as a breach of the implied covenant for quiet enjoyment, and recover his damages in the event of a reversal of the judgment. Certain states have statutes providing for the recovery of such

damages among which is New York, where the statute provides substantially that if the final order in such a summary proceeding is reversed upon appeal, the person dispossessed may maintain an action to recover the damage sustained by the dispossession. Even under such a statute it has been held that actual dispossession of the tenant by the landlord is essential to a right of recovery, and that where the tenant removes from the premises without the taking of any steps on the part of the landlord to enforce the judgment, he cannot maintain the action. (See *Halperin* v. *Henry*, 144 App. Div. 658, [129 N. Y. Supp. 599]; *Coe* v. *Haines*, 44 N. J. L. 134.) There is no such statute in this state. It seems to us that wherever the tenant's claim is based solely on an alleged deprival of actual possession and is for the consequent damages, no other rule can logically or reasonably be applied.

It is elementary that the covenant for quiet enjoyment goes only to the possession, and that to constitute a violation thereof, as said in *Levitzky* v. *Canning*, 33 Cal. 299, "there must be some act of molestation, affecting, to his prejudice, the possession of the covenantee." It is true that a complete physical ouster of the tenant is not always essential to an eviction, and it has often been declared that any wrongful act of the landlord which directly results in depriving the tenant of the full beneficial enjoyment of the premises is an eviction. In *Levitzky* v. *Canning*, *supra*, where the tenant was never actually ousted from or abandoned the premises, the slandering of the tenant's possession, the giving out and pretending publicly that the tenant had no right to possession, and the bringing of two actions at law to recover possession from the tenant and his subtenants under the pretense that the lease had expired (one of which actions was dismissed by the landlord, and the other of which resulted in judgment for the tenant), with the result that the subtenants quit the premises by reason of their doubts caused thereby as to the lawfulness of the tenant's possession, leaving them vacant, and he was unable to let to other parties, were held to disturb and interrupt the possession of the tenant to his injury, in violation of the covenant for quiet enjoyment, to the same extent as if he had taken plaintiff's tenants by the shoulders and forcibly ejected them. But that there must be an actual deprivation of the beneficial enjoyment of the premises to constitute an eviction was emphati-

cally stated, and the case is not authority for the proposition that the mere institution and prosecution, by the landlord, even to judgment, of an unlawful detainer action, in good faith and without malice, can be held to constitute an invasion of the beneficial enjoyment of the premises guaranteed the tenant by his covenant for quiet enjoyment. This was clearly and distinctly shown in the later case of *Agar* v. *Winslow,* 123 Cal. 587, [69 Am. St. Rep. 84, 56 Pac. 422], in which there was involved the question whether the previous institution of an action in ejectment by the landlord constituted an eviction of the tenant. As substantially stated in that case, the essential thing in *Levitzky* v. *Canning, supra,* was "that the acts complained of as amounting to an eviction had the effect to make the tenants of the lessee quit the premises, leaving them vacant." In the case at bar, if the tenant had been actually ousted from possession by the landlord under process issued upon the unlawful detainer judgment, it might well be argued that *Levitzky* v. *Canning, supra,* required a conclusion, contrary to very respectable authority, that there had been a wrongful deprival of possession by the landlord, constituting a breach of the covenant for quiet enjoyment. But as we have seen, that element must be held to be lacking here.

So long certainly as there is no disturbance of the tenant's beneficial enjoyment of the premises caused thereby, the right of a landlord, acting in perfect good faith and without malice, to prosecute an action in the courts for the purpose of obtaining a determination of the question whether the tenant has not forfeited his term because of violation of some covenant of the lease, without making himself amenable to the tenant in damages, cannot well be disputed. Indeed, there is much authority which goes further in favor of the landlord's rights in this respect. It is substantially said in 2 Tiffany on Landlord and Tenant, section 289, that the general rule is that in order to make one liable for the institution of a civil suit, it must have been with malice and without probable cause, and that, under this rule, a landlord would not be liable to his tenant for damage to the latter arising from his wrongful institution of a summary proceeding to recover possession, unless it was instituted maliciously and without probable cause. (See, also, *Porter* v. *Johnson,* 96 Ga. 145, [23 S. E. 123]; *Hegan-Mantel Co.* v. *Cook's Admr.*

(Ky.), 57 S. W. 929.)  It has been declared that an entry by the landlord by virtue of summary process under the Landlord and Tenant Act for nonpayment of rent is not an eviction (24 Cyc. 1132, note); and also substantially that the right to damages in such cases exists only where the dispossession proceedings have been instituted maliciously and without probable cause; or where the process has been used excessively or for a purpose which it was not intended by law to effect, as in cases of abuse of process; or when expressly provided by statute.  (See 24 Cyc. 1462.)  But certainly there can be no eviction or liability in damage on the part of the landlord, in such a case, so long as there is no disturbance of the tenant's beneficial enjoyment of the premises.  The mere pendency of the suit constitutes no such disturbance.  The claim of learned counsel for plaintiff is based principally upon the fact that here a judgment was obtained in the superior court which, by its terms, required restoration of the premises to the landlord.  It seems to us that this fact does not assist, and that the utmost that may reasonably be claimed by the tenant under these circumstances is that the landlord may not enforce his judgment by actually ousting the tenant from possession under the judgment, without making himself liable for the damage resulting from this deprival of possession, in the event of a reversal of the judgment.  Until the landlord does so enforce the judgment, he does not actually disturb the possession and beneficial enjoyment, and the case in this respect is just as it was before entry of judgment.  The landlord is not compelled to carry the judgment into execution simply because it has been given and entered.  He may well decide to withhold execution until the final determination of his action—until it has been finally determined that the tenant has forfeited his term and that he may treat the term as forfeited and safely enforce his judgment.  The tenant has no right to assume from the mere entry of judgment that the landlord intends to do otherwise.  Authorities are of course ample to the effect that the tenant may accept not only the prosecution to judgment of such an action, but also the mere institution thereof, as such an election on the part of the landlord to terminate the lease that he will be justified in treating the lease as ended, and may yield possession of the premises and be free from further liability under the terms

of the lease. Such is the meaning of the declaration in section 675 of Underhill on Landlord and Tenant, relied on by plaintiff, where *Jennings* v. *Bond*, 14 Ind. App. 282, [42 N. E. 957], is cited, the same being an action for rent after a suit in ejectment maintained by him and after a subsequent offered surrender of the premises by the tenant. This, however, is an entirely different proposition from the one involved in this case. Here the tenant so yielding possession without being required to do so is insisting that the act of the landlord in prosecuting his action to judgment shall be treated as an eviction and the landlord held liable to him for any loss suffered from his failure to enjoy the remainder of the term. To our minds neither reason nor authority warrants the holding that such position is correct, where the tenant actually abandons the possession without being compelled to do so under any process issued and served under the judgment in the unlawful detainer proceeding, and the proceeding was brought and maintained in good faith and without malice. As we read 1 Taylor on Landlord and Tenant, section 311, and 2 Tiffany on Landlord and Tenant, sections 184, 185, we find nothing contrary to this view.

Decisions to the effect that the establishment of a title paramount to that of the landlord by decree of a court of competent jurisdiction warrants the tenant in yielding possession to the true owner, without waiting to be dispossessed under a writ of possession, and in treating the judgment as an eviction by title paramount are, of course, not in point. In *Mack* v. *Patchin*, 29 How. Pr. (N. Y.) 20, Id., 42 N. Y. 167, [1 Am. Rep. 506], a case strongly relied on by plaintiff, the tenant was compelled to yield possession by virtue of a writ of assistance issued in foreclosure of mortgage proceedings, the mortgage being prior in right to his interest as lessee. The writ had been issued and placed in the hands of the sheriff, who "by virtue of it demanded the possession of" the tenant. It appeared further that the landlord had expedited, if he did not instigate, the foreclosure of the mortgage, and was a joint purchaser on the mortgage sale, and a joint petitioner, with the other purchaser, for the writ of assistance. In short, he had apparently actually connived, for his own benefit, in having the tenant dispossessed by paramount title.

We are not interested here in determining just what acts of a landlord interfering with the beneficial enjoyment by the tenant of the premises, short of actual physical ouster, will warrant the latter in abandoning possession and treating the conduct of the landlord as an unlawful eviction, with the right to the damage consequent upon being deprived of the remainder of his term. It is sufficient for the purposes of this case to hold, as we do, that the mere prosecution to judgment by the landlord of an unlawful detainer action, in good faith and without malice, for the purpose of obtaining a judicial determination of the question whether he is entitled to possession by reason of some default on the part of the tenant, and possession in the event that the determination is in his favor, is not such an act.

From what we have said it necessarily follows that, upon the record before us, the recovery against appellant cannot be sustained in whole or in part. It appears unnecessary to consider other points made by her for a reversal.

The judgment and order denying a new trial are reversed.

Shaw, J., Melvin, J., Sloss, J., Victor E. Shaw, J., *pro tem.*, Lawlor, J., and Henshaw, J., concurred.

Rehearing denied.