Townley, J.
Plaintiff was a tenant of certain commercial space as defined by the Commercial Bent Law (L. 1945, chs. 3, 315). The said tenant’s complaint states two causes of action for damages arising out of the landlord’s conduct in inducing the tenant to vacate the premises. The first is based upon subdivision (d) of section 8 of the Commercial Bent Law. According to this cause of action, the defendant landlord had a precept and a verified petition served in summary proceedings stating “ That the landlord seeks, in good faith, to recover possession of said premises for his immediate *316 and personal use for commercial purposes.” It is further alleged that in reliance on the petition and on certain verbal statements of the landlord and in obedience to the precept, plaintiff vacated the premises and removed therefrom. It is then stated that thereafter the landlord did not take possession of the premises for its own commercial use but leased the premises to a third person, to the plaintiff’s damage.
The tenant’s second cause of action is based upon fraud and alleges that the verbal statements of the respondent and the sworn statements in the petition were false and untrue and were known by the defendant to be false and untrue at the time it made the same and were made for the purpose of defrauding the plaintiff, causing it to surrender possession and to give up its rights under the act of January 24, 1945. The complaint also states that the tenant relied on the statements and vacated the premises to its damage.
Under the Commercial Bent Law, no tenant shall be removed from any commercial space, even though the lease may have expired or otherwise terminated, so long as the tenant continues to pay the rent. However, it is provided that the landlord, if certain conditions are satisfied, may evict the tenant in good faith so as to recover possession of the business space for his immediate personal use.
The penalty for violation by the landlord of this subdivision is stated in the act as follows: “If the landlord shall fail, after thirty days after dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, or if the landlord shall lease or rent such space to or permit occupancy thereof by a third person within a period of six months after such dispossession, he shall be liable to the tenant for all damages sustained on account of such removal. In addition to any other damage, the cost of removal of plant and property shall be a lawful measure of damage ”.
The justice at Special Term granted the motion to dismiss the complaint on the authority of Halperin v. Henry (144 App. Div. 658). That case held that the voluntary removal of a tenant from premises pending an appeal from an order of dispossession rendered against him in summary proceedings did not entitle him to maintain an action, after the reversal of the order on appeal, to recover damages for dispossession, under the Code of Civil Procedure, where the petitioner who instituted the proceedings never had taken steps to execute a warrant of dispossession.
*317 That case was decided in the second department in 1911. Thereafter numerous cases were decided in the Court of Appeals, the Appellate Division in the first department and the Appellate Term, the effect of which was to state the law as follows : The issuance and service of a precept in summary proceedings has the effect of giving the tenant an option to consider the lease cancelled and to vacate the premises. This cancellation is not effected by statute but is the result of the institution of summary proceedings. As was said in Cornwell v. Sanford (222 N. Y. 248, 252): “Judicial decisions have uniformly held that the moving by the tenant from the leased premises, enabling thereby the landlord to take peaceable possession of them, after the issuance and service of the precept in the summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time of the removal; the service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be cancelled; it creates to the tenant the right to remove from the premises and effect the cancellation of the lease at any time thereafter; the removal is the precise act and effect the landlord sought through the service of the precept and the proceeding, and it is entirely immaterial, within the law, whether it is produced through the warrant or the conduct of the tenant in obedience to the precept.” (See, also, Henochstein v. Nachman, 218 App. Div. 673; Rosenfeld v. Aaron, 248 N. Y. 437, 442; Basirico v. Zahn, 145 Misc. 637, 639.)
The wording of section 8 is that “no tenant shall be removed from any commercial space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise * * * unless ” etc. (Italics ours.) It will be noticed that the rent law contemplates the possibility that there may be an attempt to remove a tenant by action or proceeding, or to evict by exclusion which seems to mean some form of physical self-help, or otherwise. In other words, the eviction or dispossession might be attempted by means other than by summary proceedings. Accordingly, to accept the strict interpretation given to the word “dispossession” applied at Special Term, would leave us in a situation where the Legislature had failed to provide any penalty for acts of the landlord which did not arise out of a strict application of the procedure used in completing a summary proceeding, namely, the making of a final order and the issuing of a warrant of dispossess. Any such narrow interpretation would, for instance, make it possible for the owner of commercial space physically to exclude a tenant without any *318 penalty following. This cannot have been the intention of the Legislature.
In view of the decisions which permit a tenant to accept and act upon a precept and in view of the general nature of the possible evils which it was the intention of the Legislature to correct, we hold that the serving of the precept and verified petition herein gave the tenant the option to treat the landlord’s action as an eviction with all the effects of a technical dispossession. Accordingly, the complaint states facts sufficient to constitute a cause of action.
The order and the judgment should be reversed, with costs and the motion denied.
Martin, P. J., Glennon, Dore and Cohn, JJ., concur.
Order and judgment unanimously reversed, with costs and the motion denied. [See post, p. 869.]