Harrison, J., Van Fleet, J., Garoutte, J.

---

[S. F. No. 901. Department One.—October 8, 1897.]

## ELLA M. PHELAN, as Executrix, etc., Appellant, v. GILBERT L. ANDERSON, Respondent.

LANDLORD AND TENANT—PAROL LEASE FOR YEARS—AGRICULTURAL LAND—ANNUAL RENT—TENANCY FROM YEAR TO YEAR.—A parol lease for five years is void, and no rights are fixed by its terms; but, when entry is made under it, the tenancy is either at will, or from month to month, or from year to year, according to the circumstances of the case; and where the land is agricultural, and the rent is to be paid annually, and is in fact paid to the lessor and accepted by him as annual rent, the holding is from year to year.

ID.—EJECTMENT—PREMATURE ACTION BY LESSOR—RECEIPT OF ANNUAL RENT—CONFLICTING EVIDENCE—APPEAL.—An action of ejectment will not lie in favor of a lessor who has received annual rent under a void parol lease, before the expiration of the year for which the rent was received; and where the evidence upon the question of the receipt of rent for that year is conflicting, and the verdict was against the plaintiff, the finding of the jury as to that fact is controlling upon appeal.

ID.—ACTION BY EXECUTRIX—POWER TO RENT PREMISES—RECEIPT OF RENT—ESTOPPEL.—An executrix who has received annual rent from a tenant from year to year, who entered into possession of premises belonging to the estate of the decedent under a parol lease from the executor, cannot maintain an action of ejectment to oust the tenant before the expiration of a year for which annual rent was received, upon the alleged ground that the executrix had no power to lease the premises without the consent of the court in which the administration was pending.

ID.—EVIDENCE—COMPLAINT IN ANOTHER ACTION—ALLEGATION OF INDIVIDUAL OWNERSHIP—HARMLESS RULING.—The admission in evidence in an action of ejectment brought by an executrix, of a complaint filed in another action, averring individual ownership in the same plaintiff, conceding it to be erroneous, is not prejudicial, where it is conceded

upon both sides that the administration is not concluded, and that no distribution has been had, and all other statements in such pleading were in support of the testimony of the executrix.

ID.—CHANGE IN AMOUNT OF ANNUAL RENT—NUMBER OF LEASES—QUESTION OF FACT—PREJUDICIAL INSTRUCTION.—Where there was evidence for the plaintiff tending to show that the amount of annual rent specified in the original parol lease was changed and increased by consent of the parties for the ensuing years, and that the defendant was in partial default of rent for the year in which the action was brought, it was a question of fact essential for the jury to determine as to the number and character of the leases entered into between the parties, and an instruction that the only lease established was the original parol. lease for years, under which the defendant entered into possession, at a specified annual rental, is prejudicially erroneous, as touching upon a matter of fact, and taking from the jury the evidence for the plaintiff as to the change in the terms of rental.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. J. H. Logan, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, and Holbrook & Maher, for Appellant.

Lindsay & Cassin, for Respondent.

GAROUTTE, J.—This is an action of ejectment, brought by the executrix in the interest of the estate of Martin Phelan, deceased. An appeal is prosecuted from the judgment and order denying plaintiff's motion for a new trial. The case was tried by a jury. Title is admitted in plaintiff, and defendant claims a right of possession under a lease. There are various controverted facts disclosed by the record, but, in view of the verdict of the jury, we are bound to assume those facts in favor of defendant. Defendant's evidence was to the effect that upon November 1, 1891, plaintiff, by oral agreement, leased to him the land in dispute for the term of five years, at the yearly rental of six hundred dollars; that under such agreement he entered into possession of the land, and before the bringing of this action had fully paid to plaintiff the rent for the aforesaid five years. This action was begun in March, 1896.

The parol lease for five years under which defendant entered was void, and no rights were fixed by it, but, when an entry is

made under such a lease, all the authorities agree that the tenant holds either by tenancy at will or from month to month or from year to year. If the land is agricultural land and the rent is to be paid annually and in fact is paid to the lessor and accepted by him as annual rent, then beyond doubt the conclusion may well be declared by judge or jury that the holding is one from year to year. (See *Couderl v. Cohn*, 118 N. Y. 309; 16 Am. St. Rep. 761; *Talamo v. Spitzmiller*, 120 N. Y. 37; 17 Am. St. Rep. 607; *Rosenblat v. Perkins*, 18 Or. 156.) In the present case it is claimed by defendant that prior to November 1, 1895, he paid to plaintiff the six hundred dollars due for the year ending November 1, 1896. If the lessor received the rent for that year from the lessee, then the holding of the lessee for that time could not be disturbed, and the plaintiff had no right of action when this litigation was inaugurated. The evidence upon this question was directly conflicting, and the verdict of the jury as to the fact must be held controlling by this court.

It is insisted by appellant that she had no power to rent the premises without the consent of the court in which the administration was pending, and that for such reason her lessee was not entitled to possession. We are not prepared to hold that an executor may receive the rent from the lessee upon a lease from year to year, the lessee enter into possession under the lease, and thereafter the lessor oust the lessee from such possession for the reason urged. If it be conceded that the court should have refused to admit in evidence the statements contained in a pleading of plaintiff filed in another action, still we find no error prejudicial to plaintiff in such ruling. That pleading contained the statement that she, plaintiff, was the owner of this land in her own right, while it is now conceded upon both sides that the administration has not yet been finally concluded and distribution had. All other statements contained in the pleading offered tend to bear out plaintiff's testimony given at the present trial, rather than contradict it.

Plaintiff testified that she rented the premises to the defendant for the year 1891-92 for the sum of six hundred dollars, but that prior to the expiration of the year defendant offered her one thousand dollars for the next year, and that he paid her one thousand

dollars a year for the years 1892-93, 1893-94, and partially paid her at the same rate for the year 1894-95. Evidence of other parties is disclosed tending to show that he was paying rent during these years at the rate of one thousand dollars per annum. This evidence all indicated a different contract of letting from the one relied upon by defendant; and, if there was another and subsequent lease, as might be inferred by the jury from the foregoing evidence, the defendant was in partial default in the payment of his rent for the year 1894-95. In view of this phase of the case error was committed in the law given to the jury, wherein the court said: "The only lease established here is the verbal lease by virtue of which the defendant entered on the premises in 1891 at an annual rental of six hundred dollars." By this instruction all the evidence of plaintiff and her witnesses to which we have made reference was taken from the jury, and the error is most prejudicial. If the lessee paid rent during these years at the rate of one thousand dollars per annum, it is certainly some evidence that he was holding under a lease calling for such rent. The court was touching upon matters of fact when it informed the jury there was but one lease, and this it had no right to do. It was a question of fact essential for the jury to determine as to the number and character of leases these parties had entered into during these years. If defendant, during the years 1892, 1893, and 1894, was holding under a lease calling for an annual rent of one thousand dollars, then his legal status as to plaintiff when this action was brought would be entirely different from that fixed by this instruction of the court. For this reason the error was clearly prejudicial.

The evidence of defendant shows that he paid no rent subsequent to November 1, 1895, and if the rent for the year 1895-96 was paid by him to plaintiff it was paid prior to that time. Before November 1, 1895, plaintiff served written notice upon defendant terminating his tenancy upon that date. The court instructed the jury upon this question of notice, but upon this point we only find it necessary to say that if the facts and circumstances of the holding of defendant demanded a notice in order that the tenancy might be terminated, then this notice served that purpose. If no notice was necessary to terminate the tenancy, then no harm was done by the service of it. There are many techni-

cal objections made to the admissibility of evidence, but, a new trial being ordered, they will probably not arise a second time.

For the foregoing reasons the judgment and order are reversed.

Van Fleet, J., and Harrison, J., concurred.