[Civ. No. 359. Third Appellate District.—October 11, 1907.]

## MARY A. GABEL, Trustee, Appellant, v. ELIAS C. PAGE, Respondent.

UNLAWFUL DETAINER—EXPIRATION OF LEASE—TENANCY FROM MONTH TO MONTH—PAROL CONTRACT—SUPPORT OF VERDICT—CONFLICTING EVIDENCE.—Where an action of unlawful detainer was brought within a month after the expiration of a written lease, and the evidence was conflicting as to whether there was a parol contract creating a tenancy from month to month between the defendant and the attorney in fact of plaintiff, a verdict for the defendant was sufficiently supported, and will not be disturbed upon appeal.

ID.—EFFECT OF ORAL CONTRACT—PENDING LEASE—TERM IN FUTURE NOT SPECIFIED.—The fact that the oral contract for a future term was made pending the term of the written lease, and called for a payment of rent by the month, without specifying the duration of the future term, did not involve the varying of the terms of the written lease by parol evidence, and did not create presumptively a void future term for one year, within section 1943 of the Civil Code, at an annual rental, but created a tenancy from month to month.

APPEAL from a judgment of the Superior Court of Kings County. Wm. M. Conley, Judge.

The facts are stated in the opinion of the court.

T. E. Clark, for Appellant.

E. T. Cosper, for Respondent.

HART, J.—This is an action for unlawful detainer of the premises described in the complaint. The case was tried by jury and verdict returned and judgment accordingly for the defendant. The appeal is from the judgment upon a bill of exceptions.

The land over which this action arises is situated in Kings county, and was demised to the defendant, and he entered into the possession thereof, by and under the provisions of a certain written lease, for the term of twelve months from the first day of November, 1904.

The complaint was filed on the twenty-eighth day of November, 1905. It alleges that the term fixed by said lease expired on the thirty-first day of October, 1905, and that the defendant "unlawfully detains said premises and the possession thereof against the plaintiff herein, and in violation of the express terms of the said lease under which he entered said premises." It further avers that "the defendant has refused and neglected to pay rents and is now in arrears for rents to the amount of above sixty dollars"; that he continues to unlawfully hold and detain the premises against the will and consent of plaintiff, and "persists in refusing to quit and deliver up the possession of said premises to either the plaintiff or her agents," etc. It is also alleged that the defendant, on several different occasions, was served by the plaintiff with written notice to quit said premises and deliver the possession thereof to said plaintiff or her agent. These several notices were made a part of the complaint and were proved at the trial. The prayer of the complaint asks for judgment for the restitution of the premises and for damages as authorized in such cases by section 1174 of the Code of Civil Procedure.

It will be observed that this action was brought within a month after the date of the expiration of the written lease under which the defendant held possession of the land. But it is claimed by the defendant that he and the plaintiff, by her attorney in fact, Solomon C. Page, entered into an oral agreement by which the former was to remain in possession of the premises as lessee thereof for an indefinite or unspecified time after the end of the term fixed by said written lease. The plaintiff, by her said attorney in fact, declares that no oral agreement of the nature suggested was ever had between the parties, and that the expiration of the term stipulated in the written lease terminated the defendant's right to further possession of the demised premises. The controversy between the parties, as thus stated, therefore, finally resolves itself into the single proposition of whether or not it can be said, as a matter of law, the evidence, as shown by the record, is sufficient to sustain the verdict.

There are some other legal propositions discussed by counsel—as, for instance, it is contended that the evidence received for the purpose of showing the alleged oral lease amounted to an attempt to vary the terms of the written lease

by parol testimony, and that the oral lease, if any were made, having fixed no determinate term during which it was to remain in force, comes within the provisions of section 1943 of the Civil Code, which provides that "a hiring of real property, other than lodgings and dwelling-houses, in places where there is no usage on the subject, is presumed to be one year from its commencement, unless otherwise expressed in the hiring"; that there being no usage shown here, said oral lease was presumptively for a term of one year, and, having been made so as to take effect *in futuro,* or its terms were not to be performed within one year after the making thereof, is, under the interpretation given subdivision 1 of section 1624 of the Civil Code by the supreme court, absolutely void. (*Wickson* v. *Monarch Cycle Mfg. Co.,* 128 Cal. 157, [79 Am. St. Rep. 36, 60 Pac. 764].) But we think that, while the evidence offered in support of the defendant's special plea in bar of plaintiff's action—that an oral lease of the premises to him was made by the plaintiff on the 19th of September, 1905—is exceedingly slight, it is nevertheless sufficient to support the verdict. The record evidence consists entirely of the testimony of the plaintiff and the defendant and the written lease and the written notices, signed by plaintiff's agent and with which the defendant admitted that he was served prior to the filing of the suit, demanding the adjustment of certain alleged arrearages in rent and restitution of the premises.

The defendant testified that on the nineteenth day of September, 1905, he had a conversation with Solomon C. Page, the attorney in fact of plaintiff, having management, as such, of all of plaintiff's business interests and affairs, in which conversation said S. C. Page orally leased to the defendant the premises in question for a short period of time, to take effect from and after the termination of the term prescribed in the written lease—October 31, 1905. He testified that he said to S. C. Page that he had some cows and a dairy on the land, and that he would have to be given a little time within which to look after them and his other interests after the expiration of his term under the written lease. He said that S. C. Page replied to him, "All right, you can stay out there"; that there was no definite time fixed, but that all he desired was to remain there until the summer of the following year; that the understanding was that he was to remain on the land and put in the crops "that the old lease called for."

In reply to counsel for the plaintiff, on cross-examination, the defendant stated that the oral agreement would not, he thought, "last longer than summer." He further testified that, in reliance upon said oral lease, he proceeded to prepare the land for cultivation and the planting of crops. He admitted, however, that the crops were not put in until after the institution of the suit. The plaintiff's agent contradicted the testimony of the defendant, and offered in support or corroboration of his testimony the written notices referred to as having been served on the defendant to quit and surrender up the premises. Three of these notices were served before and one after the expiration of the written lease, and were no doubt admissible for whatever they might be worth in the estimation of the jury. While the defendant admitted that said notices were served upon him, they at least constituted but little, if any, more than self-serving declarations of the plaintiff and not necessarily incompatible with the claim of the making of the oral lease. As to the evidence, it may be said that this is one of those cases in which a verdict either way could be sustained upon appeal. But, as has been repeatedly declared by the supreme and this court in innumerable cases, where it was asked that the appellate courts set aside verdicts or findings upon evidence displaying a conflict upon vital points, it was for the jury to pass upon the evidence and the credibility of witnesses. The judgment of the jury in the case at bar was that the defendant, upon whom was cast the burden of establishing his affirmative defense or special plea, had made out his case. The evidence is, as we have indicated, slight, but the jury, and the judge of the court below, to whom upon the conclusion of the taking of the testimony was submitted a motion by plaintiff for an order directing a verdict for her, and which motion was denied, were in a position of vantage, not given to reviewing courts, in which they were able to weigh the testimony by all the tests known to the law. Upon paper the testimony of a witness might appear to be not only convincing but conclusive, yet his manner of giving such testimony before the trial judge and jury might have been such as to inspire disbelief in his statements, and thus to justify a total disregard of all that he has testified to.

It appears from the record here that at a former trial of the case the defendant had testified that the term agreed upon

in said oral lease was for one year, and that this statement
corresponded with the averments of his answer; that before
the beginning of the trial, the record of which is now under
consideration, the court below allowed him to amend his an-
swer, and that that portion about the oral lease having been
made for the term of one year was eliminated, and in place
thereof it was averred that an agreement was entered into be-
tween the parties whereby the defendant was to remain in the
possession of the premises after the expiration of the term
of the written lease, "pending the settlement of the litigation
then and there going on between plaintiff and defendant."
It is argued that the inconsistent statements of the defendant,
thus shown, should be considered as an impeachment of his
testimony. But this was a matter for the jury to consider
and presumably it was fully considered by it in its delibera-
tions upon the evidence, and the defendant's apparent in-
consistency does not appear to have struck the jury as
significant.

There is nothing in the contention that proof of the oral
lease involved the varying of the terms of the written lease
by parol. The oral lease was made to take effect after the
expiration of the written lease. There was no connection be-
tween the two leases and the oral had no reference to the
written, except in so far only as the fact of the termination
of the latter marked the time for the beginning of the former.
The written remained in full force and effect up to the date it
terminated, undisturbed in its pristine integrity by the oral
lease.

The view we have expressed concerning the facts as found
by the jury indicate our opinion that there is no merit
in the claim that the oral lease was of a character to bring it
within the presumption established by section 1943 of the
Civil Code. As we have seen, the defendant testified that the
understanding between him and plaintiff's agent was that he
was to remain in possession after the written lease had run
its course until the following summer, which would make
the term less than one year. Moreover, said oral lease, ac-
cording to the testimony of the defendant, called for the pay-
ment of the rent *by the month* and not *annually*. It is held
in *Phelan* v. *Anderson,* 118 Cal. 504, [50 Pac. 685] (we quote
the syllabus, which accurately states the point as decided),
that "a parol lease for five years is void, and no rights are

fixed by its terms; but when entry is made under it, the tenancy is either at will, or from month to month, or from year to year, according to the circumstances of the case; and where the land is agricultural, and the rent is to be paid *annually* and is in fact paid to the lessor and accepted by him as *annual* rent (italics in both instances ours), the holding is from year to year," citing a number of cases from other jurisdictions.

Complaint is made of one of the instructions. The instructions given to the jury are not voluminous, two only having been submitted by the court. The first was to the effect that if the jury found, from the evidence, that the plaintiff by her agent leased the premises by verbal lease to the defendant for the term of one year, to commence on the date of the expiration of the written lease, such oral lease was void. By the second instruction, to which objection is made, the court told the jury that if it found that said oral lease "leased the premises in question to the defendant at the monthly rental value of $29.16 without any agreement or understanding as to the length of time the lease was to run, then your verdict should be for the defendant." These instructions, with commendable brevity, state the law correctly under the evidence.

The defendant, who is charged in the complaint with having defaulted in the payment of the monthly rent, testified that the plaintiff's agent extended the time for the payment of said rent; that there was an understanding between them that the defendant would be given such time for the payment of back rent as might be reasonably necessary for him to earn the money. The agent of plaintiff disputed this testimony, but evidently the jury believed the defendant upon this as well as upon the other material points in the case.

We should judge that, at this late date, so remote from the time at which the differences between the parties were litigated in the court below, the fruits of this decision will prove commensurate only with the costs legitimately accruing in prosecuting the controversy. Reading between the lines, we might infer that the trouble is one involving family differences over the disposition of property by a common ancestor, and it may not be amiss to suggest that the parties would have perhaps found it infinitely cheaper and themselves relieved of much worry and annoyance had they compromised or

otherwise settled their differences before the perfection of an appeal from which neither could hope to profit so far as their respective claims as to the oral lease were concerned.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.