368 So.2d 10 (1979)
Thomas A. KING, Jr.
v.
Frank SIKORA and Carolyn Sikora.
77-531.
Supreme Court of Alabama.
March 2, 1979.
Audrey L. Roberts, Huntsville, for appellant.
George A. Moore, Huntsville, for appellees.
PER CURIAM.
In December, 1975, Thomas A. King, as seller, and Frank and Carolyn Sikora, as purchasers, executed a sales contract for the purchase of a dwelling in Huntsville, whereby the Sikoras were to have possession of the dwelling but were not to receive a deed of conveyance until the total purchase price was paid. On August 2, 1977, King wrote a letter to the Sikoras purporting to terminate the contract for failure to make timely payments. The letter also gave a 10-day notice to vacate the premises.
On August 22, 1977, King filed an unlawful detainer action in the District Court of Madison County to which Frank Sikora filed a counteraffidavit. On September 2, the District Court trial resulted in a judgment in favor of King for possession of the house and Sikora timely filed notice of appeal, demanding a trial by jury. King's motion for an order requiring Sikora to post a supersedeas bond was denied on October 20, 1977. Pending appeal, the Sikoras vacated the house on September 16, 1977.
On December 14, 1977, a pre-trial order was entered in the circuit court setting out the pleadings as amended and the contentions of the parties. The Plaintiff's claim and the Defendants' counterclaim were each based on breach of contract. Additionally, *11 the Sikoras' counterclaim sought a declaration that the lease-sale contract was in full force and effect and had not been violated by the Defendants. The jury found in favor of the Sikoras on both aspects of their counterclaim, assessing damages against King in the sum of $1300 and finding that the contract remained in full force and effect.
From the order overruling his motion for a new trial, King appeals, challenging the trial Court's ruling in permitting, over Appellant's objection, evidence of the rental value of other property occupied by the Sikoras upon their abandonment of the subject property. The threshold question, then, is whether, under the pleadings as merged into the pre-trial order, the trial Court erred in allowing, over King's objection, proof of damages incurred in vacating the subject property pending the appeal of the case from the District Court to the Circuit Court?
We answer, "Yes." We hold that, because the Sikoras were under no legal compulsion to move either by the conduct of King or by virtue of the District Court judgment, evidence of expenses incident to the Sikoras' vacation of the property was inadmissible. We affirm as to that portion of the judgment which confirms the validity of the contract and thus restores possession of the property to the Sikoras; we reverse as to the money judgment; and we render the cause.
In reply to King's motion to compel Sikora to post a supersedeas bond (as a requisite to staying the judgment pending appeal), the trial Court relied upon ARCP 62(dc) and denied the motion. Having failed in his motion, King took no steps to execute the District Court judgment. The Sikoras legally enjoyed the protection of Rule 62 which had the effect of automatically staying the District Court judgment, as a matter of law, upon the filing of the notice of appeal. To impose upon King those expenses incident to the Sikoras' voluntary act of moving from the property is legally impermissible absent an adjudication of malicious prosecution. (We comment, as an aside, that any malicious prosecution claim necessarily would have to be pursued in a separate proceeding and not as a counterclaim in the instant case. The evidence, as disclosed by the record before us, would not support a malicious prosecution judgment.)
We conclude with one final observation: While we have grounded our decision on the operative effect of Rule 62(dc), we do not comment upon whether a different result would obtain had the District Court judgment not been stayed or, in fact, had the judgment been executed. For a statement of the general rule, see 51C C.J.S. Landlord and Tenant § 323(3)b. See, also, Black v. Knight, 176 Cal. 722, 169 P. 382 (1918).
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
TORBERT, C. J., and MADDOX, and SHORES, JJ., concur.
BEATTY, J., concurs in the result.
JONES, J., concurs specially.
JONES, Justice (concurring specially):
I completely agree with the opinion. I take this occasion to concur specially as a means of expressing concern about an appellate procedural problem of increasing frequency.
Appellant states the "Issue Presented" thusly:
"Where the plaintiff has been awarded a judgment for possession of the premises in the District Court and the defendant voluntarily abandons the premises while the case is on appeal to the Circuit Court, is the defendant entitled to damages for wrongful eviction upon a reversal by the Circuit Court?"
Our search of the record (two volumes) has disclosed a ruling adverse to the Appellant which is reviewable on appeal, as aptly stated in the opinion: An admissibility of evidence issue.
Under the old appellate rules, it was virtually impossible to compose an "Assignment of Error" without specifying the adverse *12 ruling sought to be reviewed ("For that the trial Court erred in . . ..").
Perhaps we should have anticipated that the new rules (abolishing "Assignments of Error" and substituting "Issues Presented" with no prescribed format therefor) would result in issues being stated in the form of abstract legal questions. When the "Issues Presented" are posed as abstract legal queriesnot in the context of the adverse ruling belowand the "Statement of the Case" omits any reference to the ruling of the trial court complained about, appellate courts are left to search the record for this primary and essential premise on which all appellate reviews must rest. The proliferation of appellate litigation (40% annual increase) hardly affords us the luxury of performing this necessary task on behalf of counsel.
This admonition is to be construed in the narrow procedural context in which it is addressed and not as a reflection on the quality of appellate advocacy in general. Indeed, in all other respects the briefs in this case are superior. Because I have concurred specially to point out a procedural defect in stating the issue presented in mere abstract terms, I should invite the reader's attention to the case of Riley v. Crenshaw, 369 So.2d 543 (Ala.1979). In Riley, we set out the appellants' statement of the issue presented which is also an abstract legal question. On its face, then, it would appear that what I have condemned in the instant case is identical to what we have quoted with approval in Riley. There is a material difference, however, in the two cases. Although the opinion in Riley does not so disclose, appellants' counsel followed his abstract statement of the issue presented with a clear and concise statement of the specific adverse ruling made the basis of the appeal.
Statements of the legal issue presented as abstract legal propositions may indeed be helpful to the Court in identifying the issue to be addressed so long as the Court is not left to search the record for the adverse rulings below which the law recognizes as the only basis for appellate review.