JONES, Justice.
Appellant aptly states the' issue presented for review:
“When an Alabama resident dies leaving a homestead in which his widow, as a matter of law, has an exclusive right of possession; and in which the widow, as a matter of law, is vested with an undivided interest; does the widow have the right to have this homestead sold and $6,000.00 set aside for her use and benefit?”
The case was tried on the following stipulation of facts: The land described in the pleadings was the homestead of W. S. Cren-shaw, deceased. He actually lived on the land and occupied it as his homestead at the time of his death on January 20,1971. This land was all the land owned by W. S. Cren-shaw at the time of his death; was less in area than 160 acres; and exceeded in value $6,000.
W. S. Crenshaw died intestate, leaving a surviving widow, Ethel Irvin Crenshaw (the Appellee), and no minor children. The seven adult children of W. S. Crenshaw are his sole heirs (two of whom are the Appellees). All the debts of W. S. Crenshaw are paid or there are sufficient monies in the administration of his estate, now pending in the Circuit Court, Escambia County, Alabama, available to pay all claims. During his lifetime, no claim of homestead exemption was filed by W. S. Crenshaw under § 6-10 — 20, et seq., Ala.Code 1975.
The parties further stipulated:
*544 “The sole issue before the Court is as follows: Whether the cross-complainant, Ethel Irvin Crenshaw [Appellee], is entitled to have set aside an exemption in lieu of homestead by sale of the real estate owned by W. S. Crenshaw, at the time of his death or in the alternative the right of possession.”
Alternatively posed: Does Mordecai v. Scott, 294 Ala. 626, 320 So.2d 642 (1975) (which holds, under these facts, that § 6-10-60, Ala.Code 1975, vests the widow, as a matter of law, with the exclusive right to possess the land for life, and with an undivided one-eighth fee interest), preclude the widow’s right under § 6-10-61 to have the homestead sold and $6,000 of the purchase money paid to her in lieu of exempt homestead?
The trial Court ruled in favor of the widow; ordered the land sold; and directed $6,000 of the proceeds paid to her in lieu of her homestead exemption. We affirm.
Construing Tit. 7, §§ 661, 663, and 697, Ala.Code 1940, as amended (§§ 6—10-60, 62, and 101, Ala.Code 1975), in pari materia, Modecai held: Where the homestead is all the real estate decedent owns within the State at time of death; it does not exceed 160 acres, but exceeds $6,000 in value; no debts are owed; and there is no devise of the property, surviving spouse and adult children are entitled to an undivided equal interest in the realty with the right in the spouse to its exclusive possession for his or her life.
This cannot be interpreted as saying, however, that such interest in the surviving spouse is to the exclusion of the operative effect of the option granted the spouse by § 6-10-61. An accurate paraphrase of the pertinent provisions of § 6-10-61, within the factual context of this case, is as follows:
Because W. S. Crenshaw at the time of his death had no homestead exempt to him from levy and sale under process and had no other real estate out of which an exempt homestead could be carved, Ethel Irvin Crenshaw, his surviving spouse, may, by filing a complaint, have the homestead sold and $6,000 of the purchase money therefor applied by the court in accordance with the provisions of § 6-10 — 96.
For this Court to hold otherwise would be the equivalent of totally ignoring the existence of this Code provision and would be in direct conflict with its clear mandate that “. . . under no circumstances shall the surviving spouse ... be deprived of homestead or $6,000.00 in lieu thereof if [she] appl[ies] therefor . . . .”
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.