EDWARD N. SCRUGGS, Retired Circuit Judge.
The parties shall be referred to as plaintiff and defendant as they existed in the lower courts.
The plaintiff sued the defendant for account and account stated in the district court. A judgment was rendered in plaintiff’s favor on June 19, 1979, and the defendant immediately filed her notice of appeal and bond for costs to appeal to the circuit court. The defendant did not file a supersedeas bond.
In the circuit court the plaintiff filed a motion to require the defendant to file a supersedeas bond relative to the plaintiff’s district court judgment against the defendant. An additional plaintiff’s motion sought to dismiss the appeal because of the defendant's failure to file such supersedeas bond. She still did not file such bond, and the circuit court granted the motion to dismiss, hence this appeal.
The plaintiff argues the correctness of the dismissal of the appeal because of the provisions of § 12-12-73, Code of Alabama 1975, which originated from § 4-111 of the Judicial Article Implementation Act, Act No. 1205, which was enacted by the 1975 legislature. It provides as follows:
A supersedeas bond in twice the amount of the judgment shall be required of the appellant in any civil appeal to the circuit court. Upon the filing of such supersedeas bond and the timely filing of a notice of appeal, execution of the judgment shall be stayed pending final judgment on appeal.
To the contrary, the defendant contends that ARCP 62(dc) governs because of this language therein:
*91 Rule 62 applies in the district courts except that ... (5) the provision for a supersedeas bond in Rule 62(d) is deleted and Rule 62(d) is modified so as to require only a bond for costs or affidavit of substantial hardship, approved by the court, in lieu of said bond. [Emphasis supplied.]
By order dated November 23,1976, over a year after the enactment of said Act 1205, the Supreme Court of Alabama amended the Alabama Rules of Civil Procedure so as to include Rule 62(dc).
The supreme court was granted the power, authority and responsibility by § 6.11 of the Alabama Constitution’s “new” judicial article to make and promulgate rules governing practice and procedure in all courts, but they were expressly prohibited from abridging, enlarging or modifying the substantive law. Section 6.11 is the source of their authority to pronounce rules of procedure as to the district courts.
The plaintiff argues that the supreme court exceeded its authority, its contention being that Rule 62(dc) changes substantive law. We disagree. The legal requirements which are required in order to perfect an appeal are matters of procedure and are well within the rule-making powers granted to our highest court. For excellent examples, see the Alabama Rules of Appellate Procedure.
Furthermore, Rule 62(dc) was promulgated subsequent to the enactment of § 4-111 of Act No. 1205, thereby supplanting the statute; however, the provisions of § 4-111 were reenacted by the legislature in the 1975 Code as § 12-12-73. Notwithstanding the reestablishment of the requirement of a supersedeas bond in § 12-12-73, the legislature made it clear in § 12-1-1 that § 12-12-73 would apply only if the procedure therein prescribed was not governed by the ARCP, ARAP or any other rule of procedure adopted by the Supreme Court of Alabama. And, of course, the procedure in question is governed by the ARCP.
We, therefore, hold that the law did not require the defendant to file a superse-deas bond as to the district court’s judgment in order to perfect her appeal. The circuit court therefore erred in dismissing the defendant’s appeal.
This result is bolstered by King v. Sikora, Ala., 368 So.2d 10 (1979), where it was impliedly stated in an unlawful detainer proceeding on defendants’ appeal from the district court to the circuit court that, under Rule 62(dc), the circuit court correctly denied the plaintiff’s motion to compel the defendants to file a supersedeas bond. That decision further stated that the defendants “legally enjoyed the protection of Rule 62 which had the effect of automatically staying the District Court judgment, as a matter of law, upon the filing of the notice of appeal.”
The judgment below is hereby reversed and this case is remanded to the circuit court for further proceedings.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the judges concur.