WRIGHT, Presiding Judge.
This is an original petition for writ of mandamus for an order directing the judge of the Circuit Court of Talladega County to stay execution of the district court’s judgment without the necessity of filing a su-persedeas bond.
Respondent-landlord filed an action for unlawful detainer against the petitioner-tenant and obtained a judgment for possession by the district court. Petitioner timely filed a notice of appeal to the circuit court and also moved for a stay of execution without filing a supersedeas bond. The respondent then filed a motion in circuit court requesting the court to either set the amount of the supersedeas bond or to execute the order of the district court removing petitioner from the residence. After a hearing, the circuit court entered an order executing the judgment of the district court unless petitioner posted the required supersedeas bond pursuant to § 6-6-351, Code of Alabama 1975. At that time the petitioner filed for a writ of mandamus with this court.
The respondent argues that the controlling law concerning the filing of a superse-deas bond in this instance is § 6-6-351, Code 1975, which provides:
“In cases of forcible entry or unlawful detainer, an appeal does not prevent the issue of a writ of restitution or possession unless the defendant also executes bond, with sufficient sureties, payable to the plaintiff in the sum of twice the yearly value of the rent of the premises, to be ascertained by the judge, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal.”
The petitioner contends, however, that Rule 62(dc), A.R.Civ.P., has eliminated the necessity of posting such a bond in unlawful detainer actions to stay the district court judgment on appeal to the circuit court.
In support of her argument, petitioner cites King v. Sikora, 368 So.2d 10 (Ala.1979) and Mitchell v. Dexter Interiors, 381 So.2d 90 (Ala.Civ.App.1980). We find each of the cited cases distinguishable from the present case. The issue in Mitchell was whether it is necessary to file a supersede-as bond in order to perfect an appeal from district court. We held that, according to Rule 62(dc), A.R.Civ.P., the law did not require a party to file a supersedeas bond as to the district court’s judgment in order to perfect the appeal. In this case there is no question that the appeal has been properly perfected. Our language in Mitchell, supra, should not be interpreted more broadly than the specific facts of that case.
In Sikora the district court judgment was never executed, and the court permitted a stay of the judgment pending appeal. The supreme court, however, indicated that a different result might have been reached had the district court judgment been executed. In the present case, a hearing was held before the circuit judge of Talladega County, and an order was issued executing the judgment of the district court unless petitioner posted the required supersedeas bond within ten days. Therefore, Sikora, does not address the same fact situation.
*242 The petitioner argues that Rule 62(dc), A.R.Civ.P., supersedes § 6-6-351, Code of Alabama 1975, and is controlling.
It is clear that the supreme court was granted the power, authority and responsibility to make and promulgate rules governing practice and procedure in all courts. However, they were expressly prohibited from abridging, enlarging, or modifying the substantive law. Ala. Const. 1901, amend. 328, § 6.11.
In accordance with Mitchell, supra, the requirements for perfecting an appeal are matters of procedure and Rule 62(dc), A.R. Civ.P., clearly applies. The filing of a su-persedeas bond is not required to perfect an appeal. Section 6-6-351, Code of Alabama 1975, does not address the procedural requirements of perfecting an appeal. It deals with the substantive law concerning forcible entry or unlawful detainer cases where a writ of restitution or possession has been issued. The supersedeas bond required is to protect the prevailing party against any loss he may suffer by being delayed in regaining possession of the leased premises. Failure to give the bond provided for by § 6-6-351 of the Code does no more than deprive the petitioner of the right to retain the property pending the appeal. Wright v. Hurt, 92 Ala. 591, 9 So. 386 (1891). It does not, as petitioner argues, deny her a trial by jury.
The petitioner wants this court to issue a writ of mandamus ordering the circuit judge to stay the execution of the district court’s judgment. In order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the trial judge is bound by law to do what petitioner requests. Segars v. Segars, 333 So.2d 155 (Ala.Civ.App.1976). The petitioner has failed to do this; therefore, the writ for mandamus is denied.
WRIT OF MANDAMUS DENIED.
BRADLEY and HOLMES, JJ., concur.