HOUSTON, Justice.
Brentwood Park Apartments (“Brent-wood”) filed an unlawful detainer action in the District Court of Talladega County against Zella Forbus. The district court entered a judgment in favor of Brentwood for possession of the apartment and Ms. Forbus timely filed notice of appeal to the circuit court, demanding a trial by jury. Pursuant to Rule 62(dc), Ala.R.Civ.P., Ms. Forbus filed, along with her notice of appeal, an affidavit of substantial hardship in lieu of a bond for costs. Ms. Forbus then filed a motion in circuit court to stay execution of the district court judgment pending her appeal to circuit court. Brentwood filed a motion in circuit court requesting it to either set the amount of the supersedeas bond, as required under § 6-6-351, Code 1975, or to execute the district court judgment and remove Ms. Forbus from her residence. The circuit court then entered an order executing the judgment of the district court unless Ms. Forbus should post a supersedeas bond pursuant to § 6-6-351. Ms. Forbus petitioned the Court of Civil Appeals for a writ of mandamus directing the judge of the Circuit Court of Talladega County to stay execution of the district court’s judgment without the necessity of filing a supersedeas bond. The Court of Civil Appeals denied her petition, and Ms. Forbus petitioned this Court for writ of certiorari. We reverse.
Rule 62(dc) provides, in pertinent part: “(5) the provision for a supersedeas bond in Rule 62(d) is deleted and Rule 62(d) is modified so as to require only a bond for costs or affidavit of substantial hardship, approved by the court, in lieu of said bond.”
In King v. Sikora, 368 So.2d 10 (Ala.1979), we had the opportunity to address the operative effect of Rule 62(dc) in an unlawful detainer action. In King, we held that the defendants “legally enjoyed the protection of Rule 62 which had the effect of automatically staying the district court judgment, as a matter of law, upon the filing of the notice of appeal.” 368 So.2d at 11. Based on King, Ms. Forbus contends that compliance with Rule 62(dc), when an appeal is taken, has the operative effect of staying the district court judgment on appeal to the circuit court, thereby rendering the filing of a supersedeas bond, under § 6-6-351, Code 1975, unnecessary.
Section 6-6-351, Code 1975, provides:
“In cases of forcible entry or unlawful detainer, an appeal does not prevent the issue of a writ of restitution or possession unless the defendant also executes bond, with sufficient sureties, payable to the plaintiff in the sum of twice the yearly value of the rent of the premises, to be ascertained by the judge, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal.”
In denying Ms. Forbus’s petition for writ of mandamus, the Court of Civil Appeals distinguished King, supra, from the instant case, and held that Rule 62(dc) could not supersede § 6-6-351 since § 6-6-351 is substantive and could not be changed by rules of civil procedure. We disagree.
In King, supra, we wrote that “while we have grounded our decision on the operative effect of Rule 62(dc), we do not comment upon whether a different result would obtain had the District Court judgment not been stayed or, in fact, had the judgment been executed.” (Emphasis added.) 368 So.2d at 11. The “different result” referred to by us in King does not concern the operative effect of Rule 62(dc), but, instead, concerns whether the Sikoras *244 could have recovered the expenses which they incurred by moving from the property if the judgment had not been stayed. See Black v. Knight, 176 Cal. 722, 169 P. 382 (1918). As a result of the Sikoras’ voluntarily moving from the property, we found that it would be “legally impermissible” to impose their moving expenses upon King. Notwithstanding the fact that King took no steps to execute the district court’s judgment, we held that the trial court properly denied King’s motion to compel the Sikoras to post a supersedeas bond (as a requisite to staying the judgment pending appeal). For the foregoing reasons, we find King to be analogous to the present case, and accordingly, hold that compliance with Rule 62(dc)(5), upon filing the notice of appeal, automatically stays the execution of a district court judgment for possession, as a matter of law, pending an appeal to the circuit court.
By Amendment 328, § 6.11, of the Alabama Constitution, we were granted the power, authority and responsibility to make and promulgate rules governing practice and procedure in all courts; however, we were expressly prohibited from abridging, enlarging, or modifying the substantive law. Section 6.11 is the source of our authority to promulgate rules of procedure as to the district courts.
Ms. Forbus contends that the super-sedeas bond required by § 6-6-351 is procedural in nature and therefore is supplanted by Rule 62(dc)(5). We agree. Pursuant to Rule 62(dc), it is not necessary to post a supersedeas bond to perfect an appeal. However, the legislature, by enacting § 6-6-351, has set forth a procedure, in cases of forcible entry or unlawful detainer, for staying execution of a lower court’s judgment for restitution or possession pending an appeal. That procedure requires the defendant to execute a bond, with sufficient sureties, payable to the plaintiff in the sum of twice the yearly value of the rent of the premises. Rule 62(dc) merely changes the procedure in an appeal from a district court to a circuit court for staying the execution of a district court judgment, in forcible entry and unlawful detainer actions, by deleting the provision for a super-sedeas bond and requiring only a bond for costs or affidavit of substantial hardship in lieu of the bond for costs. It was within the rule-making authority granted to us by the Alabama Constitution to change this procedure. It was in express recognition of the constitutionally guaranteed right to a trial by jury that Rule 62(dc) was promulgated and adopted by this Court. Accordingly, the Committee Comments to Rule 62(dc) state:
“The provision for a supersedeas bond in Rule 62(d) poses grave questions as to constitutionality in view of the absence of a right to a trial by jury as a predicate for a district court judgment. Accordingly, the Advisory Committee has recommended deletion of the provision for a supersedeas bond in the district courts....”
The Court of Civil Appeals cited Wright v. Hurt, 92 Ala. 591, 9 So. 386 (1891), for the proposition that “failure to give the bond provided for by § 6-6-351 of the Code does no more than deprive the petitioner [Ms. Forbus] of the right to retain the property pending the appeal” and, therefore, held that that Code section does not deny her a trial by jury. Wright was correctly decided. However, subsequent to Wright, § 6-6-352, Code 1975, was enacted, so that Wright does not reflect current law. Section 6-6-352 provides, in pertinent part, as follows:
“In the event that the plaintiff is placed in possession under a writ of restitution or possession, and on appeal the judgment is reversed and one entered for the defendant or the proceeding on appeal is quashed or dismissed, the circuit court may award a writ of restitution or possession to restore him to possession as against the plaintiff, but not as against a third party....” (Emphasis added.)
Since the circuit court can restore an occupant to possession only against the owner, but not as against a third party, § 6-6-351 does more than deprive the occupant of the right to “retain” possession, when the owner rents or leases the property to a third *245 party pending the appeal. If an owner rents or leases the property to a third party pending the appeal, the inability to post a bond, as required by § 6-6-351, deprives the occupant of the right to be restored to possession in the event that the district court judgment is reversed. Furthermore, at the time Wright was decided, there was no statutory authority for restoring an occupant to possession.
In Wright, the owner recovered a judgment before the justice of the peace and under a writ issued on this judgment was put in possession of the land before the occupant sued and obtained a writ of certio-rari. The circuit court granted judgment for the occupant and ordered the sheriff to place the occupant in possession of the premises, which were then held by the owner. The owner asserted that the circuit court had no power to order such restoration of possession. In response to the owner’s assertion, Justice Walker wrote:
“If, in such case, the issues are determined for the defendant in the higher court, the judgment to be rendered therein would be wholly abortive unless thereby the plaintiff could be required to give up the possession obtained by the wrongful decision of the justice of the peace. Certainly, it was not intended by the law-makers that the circuit court should have full power to try this purely posses-sory action, and finally determine the rights of the parties, and yet be wholly without power to control the possession of the property in suit. Such a result would deprive defendant’s remedy by appeal or certiorari, of all beneficial operation. The purpose of affording such remedy is to protect his right of possession. This purpose is completely thwarted if the execution of the unauthorized judgment of the justice of the peace can have effect to remove the subject-matter of the suit beyond the grasp of the higher court into which the case is removed for a new trial. The right of the court, in such case, to control the possession, and by appropriate writ to secure to the defendant the dominion, of the property to which he is adjudged entitled, is necessarily involved in the statutory grant of jurisdiction to try such possessory action, and to finally determine the rights of the parties thereto. A power which is essential to the beneficial exercise of a jurisdiction plainly conferred cannot be regarded as withheld. This court has several times recognized the rule that, on the reversal of a judgment, a party thereto who has received money or property on the reversed judgment will, by an order entered in the same case, be compelled to make restitution to the other party for what he has lost. Ex parte Walker, 89 Ala. 237, 7 South.Rep. 400; Marks v. Cowles, 61 Ala. 303. The right of the circuit court in this case to put the defendant in statu quo by means of a writ of restitution seems to be even more plainly supported by principle, in that its recognition is necessary to avoid the anomaly of a judgment which solemnly determines the right of possession, which is the subjectmatter of the suit, to be in one party, and yet leaves that possession to be enjoyed by the party who sued therefor, and whose claim is rejected; the upshot of which would be that the losing party, by process erroneously issued in that very case, gets and retains in fact what he has sued for and failed to recover in law. Such impotency is not to be imputed to a court clothed with full powers to determine the rights of the parties in the premises. A jurisdiction conferred by statute is not to be so narrowed by construction as to put it in the power of a party to a cause to render the judgment therein wholly nugatory. We are satisfied that the circuit court was authorized to undo what had been done under the process issued on the unwarranted judgment of the justice of the peace, and that the writ of restitution was an appropriate method of accomplishing this result....”
92 Ala. 595, 9 So. at 387.
In view of Justice Walker’s rationale, it is apparent that the enactment of § 6-6-352 modified Wright since the circuit court no longer has authority to place an occupant in possession if the owner has leased the property to a third person. In this *246 instance, the occupant is not only deprived of the right to retain the property pending the appeal but also of the right to be restored to possession after prevailing on appeal. The composite effect of § 6-6-351 and § 6-6-352 is to deprive the occupant of a meaningful appeal.
For the foregoing reasons, we hold that Ms. Forbus’s filing of an affidavit of substantial hardship with her notice of appeal effectively stayed execution of the district court’s judgment for possession pending her de novo appeal to the circuit court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
MADDOX, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and SHORES and STEAGALL, JJ., not sitting.